may award him damages not only for his mental anguish in the disgrace of his daughter, but for his anxiety as to what is to become of her in the future. You may take into consideration his feeling of anxiety as to the effect of that daughter's example upon his other child. You may look to the loss to him and his family of social standing and position by reason of the daughter's disgrace. You may consider his mortification, humiliation, and sense of dishonor. The world, as we know, visits upon the girl or woman more severe condemnation for such acts than it does upon the man. She and her family are more or less slighted and ostracized. To a considerable extent, the hopes and prospects of the family, as well as the girl herself, are blighted. We need not stop to consider whether it is right or wrong for the world and society to deal more leniently with the man than the woman for such offenses against virtue and chastity. There may or may not be reason—sound reason—for such discrimination. The fact exists, and may be taken into consideration by you in estimating the injury which the father has sustained by the seduction of his daughter. So that, in respect to damages, it may be summed up in one general sentence or statement: That, if you find the defendant committed the wrong complained of, you may compensate the plaintiff, up to the limit claimed in his declaration, for all that he, as a father, may have felt and suffered for the wrong and injury he has received in the ruin of his daughter.

Your first duty is to determine the question whether the defendant committed the act charged against him. Upon that branch of the case do not allow your sympathy or prejudice to run away with you; but, when you shall have found that fact, then this court cheerfully leaves to your determination what compensation you shall give to the injured father, and tells you that in awarding damages for his wounded feelings, his mental sufferings, his anxiety, his humiliation, and his sense of dishonor, you may go up to the very limits of the amount claimed by the plaintiff in his declaration.

Now, gentlemen, take the case and consider it. I do not think of anything else to which your attention should be called.

---

DIECKERHOFF and others v. ROBERTSON.

(*Circuit Court, S. D. New York.* August 16, 1887.)

CUSTOMS DUTIES—AMENDMENT OF BILL OF PARTICULARS—SECTION 3012, REV. ST.
  A bill of particulars, required by section 3012, Rev. St. U. S., in an action brought against a collector of customs to recover excessive duties, may, under that section, be amended by increasing the amounts of such duties therein claimed, in case of reasonable excuse for a *bona fide* mistake; but the specific cause of error or mistake should be shown, and why the original was not made in proper form.

This action was brought June 20, 1885, against the defendant to recover an alleged excess of duties exacted of plaintiffs by him as collector

of customs. Thereafter the plaintiffs, under section 3012, Rev. St., served a bill of particulars of such duties claimed by them. Subsequently it was determined that the amounts of such duties claimed by them in the case of five importations was less than the real amounts exacted. They thereupon moved the court for permission to amend their bill of particulars by substituting the real amounts for the amounts claimed therein. The affidavit upon which this motion was based set out:

That, in the official adjustment of the items in the bill of particulars in the above action, it has been found that several errors have occurred in said bill of particulars, as will appear in the annexed schedule marked "A;" that the figures in column No. 2 are found to be the correct amounts, and should be substituted for those in column No. 1, and the bill of particulars amended accordingly.

SCHEDULE A.

| NAME OF STEAMER. | DATE OF ENTRY. | AMOUNT No. 1. | AMOUNT No. 2. |
|---|---|---|---|
| Oder............................... | July  3, 1883 | $ 10 00 | . $ 19 00 |
| France ........................... | July  5, 1883 | 208 50 | 345 50 |
| Main.............................. | July  9, 1883 | 8 50 | 13 00 |
| Rhein............................. | July 18, 1883 | 20 00 | 36 50 |
| Werra............................. | July 23, 1883 | 26 00 | 41 25 |

*Edgar Ketchum*, for the motion.

*Stephen A. Walker*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., opposed.

LACOMBE, J. This application, which is for leave to amend a bill of particulars in an action to recover excess of duties, may be best answered by quoting the decision of Judge BROWN in *Levi* v. *Robertson*, (filed August 5, 1887.)

"Under section 3012, an amendment of bill of particulars may, I think, be made as in any other case of reasonable excuse for a *bona fide* mistake. But the specific cause of error or mistake should be shown, and why the original was not made in proper form. The within affidavit is insufficient. If allowed, it would in effect abolish section 3012 in part."

The affidavit on which this motion is made is also insufficient. Motion denied, without prejudice to a similar motion on additional affidavits.