### In re MAPLES.

(District Court, D. Montana. January 8, 1901.)

1. BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—JUDGMENT FOR SEDUCTION.
   A judgment recovered by an unmarried woman for her own seduction, under the statutes of Montana, which permit the bringing of such an action in her own name, and the recovery of damages, to be assessed in the sound discretion of the jury, and which also make seduction a criminal offense, is one for a "willful and malicious injury to the person," within the meaning of Bankr. Act 1898, § 17a, subd. 2, from which the defendant cannot be released by a discharge in bankruptcy.

2. SAME—VOLUNTARY PROCEEDINGS—GROUNDS OF JURISDICTION.
   A petition in voluntary bankruptcy which schedules no property except such as is exempt under the laws of the state, and but a single debt, which is a judgment from which the petitioner would not be released by a discharge, fails to disclose any subject-matter upon which the court can act, and an adjudication of bankruptcy made thereon will be set aside on motion, and the proceedings dismissed for want of jurisdiction.

In Bankruptcy.

Geo. W. Farr, for petitioner.
Strevell & Porter, for bankrupt.

KNOWLES, District Judge. Edward R. Maples, on the 12th day of November, 1900, filed his petition in this court praying to be adjudged a bankrupt. On the 13th day of said month the prayer of said petitioner was granted, and the said petitioner was adjudged a bankrupt, and the matter referred to Henry A. Frith, referee in bankruptcy, residing at Billings, Mont. On the 27th of November of said year, Annie Olson filed her petition in this court asking that said adjudication of bankruptcy be set aside, and that said Maples'

petition in bankruptcy be dismissed. The grounds upon which this petition is based are that the only debt set forth in the petition from which the said Maples asks to be discharged is a judgment in favor of the said Annie Olson for the sum of $3,131.80, recovered in the district court of the Seventh judicial district of the state of Montana in and for the county of Custer; that said judgment was obtained in an action for a willful and malicious injury to the person of said Annie Olson; and, this being a debt from which he, the said Maples, could not be discharged, the court had no jurisdiction of the matter. The facts set forth in the petition are as follows: The only debt scheduled by the said Edward R. Maples in the schedule annexed to his said petition is that of this petitioner, Annie Olson, which is a judgment against him, the said Edward R. Maples, for $3,131.80, damages and costs, recovered in the district court of the Seventh judicial district of the state of Montana in and for the county of Custer in an action for damages for seduction. The said Maples files an answer to this petition, but fails to deny that the said judgment was obtained in an action for seduction. He denies, however, that said judgment of Annie Olson set up in her petition and scheduled by Edward R. Maples, bankrupt, was obtained in an action for a willful and malicious injury to the person of the said Annie Olson, within the meaning of section 17a of the United States bankrupt law of 1898. In this answer it is not denied that the judgment was obtained in an action for damages for seduction. This is, in legal effect, admitted. In the schedule of indebtedness this debt is described as follows:

"This claim is a judgment against petitioner in favor of Annie Alson, rendered in the district court of the Seventh judicial district of the state of Montana in and for the county of Custer for the sum of $3,131.80, with interest thereon at the rate of eight per cent. per annum, obtained October 12, 1899, in the suit of Annie Olson against this petitioner for seduction under a promise of marriage."

The question is thus presented to the court as to whether this judgment was obtained in an action for a willful and malicious injury to the person of the said Annie Olson. The statute of Montana (section 576, Code Civ. Proc.) provides:

"An unmarried female may prosecute, as plaintiff, in an action for her own seduction, and may recover therein such damages, pecuniary or exemplary, as are assessed in her favor."

In the statutes of Montana (section 4336, Civ. Code) it is provided:

"The damages for seduction rest in the sound discretion of the jury."

At common law a woman could not maintain an action for seduction in her own name. The action had to be maintained by her parents, or some one standing in their place, or by some one entitled to her services. When a woman brings an action in her own name for seduction, is the foundation of the same a personal injury? There can be no doubt but it is, under the statute law of Montana, under which the judgment was obtained. Section 3476 of the Code of Civil Procedure of Montana, provides:

"An injury is of two kinds: (1) To the person, and (2) to property."

Sections 3477 and 3478 of said Code provide:

"The injury to property consists in depriving its owner of the benefit of it, which is done by taking, withholding, deteriorating or destroying it."

"Every other injury is an injury to the person."

A woman suing for her own seduction should be entitled to the same rule in assessing her damages as is awarded to her parents under the law that permitted them to recover in such cases. It has been frequently held that the parent's right to damages extends not only to the loss of the services of his child, but also to the disgrace brought upon his family by the seduction of his daughter. Bigelow, Cas. Torts, p. 294. In the case of Barbour v. Stephenson (C. C.) 32 Fed. 73, Judge Jackson, in charging a jury, said:

"The plaintiff is entitled to recover as damages all that you choose to give him for his wounded feelings up to the sum claimed in his declaration, which is $20,000. A father, of course, feels a consolation in the virtue of his daughter. * * * You may give the plaintiff damages in your discretion up to the limit claimed in his declaration for the loss of that comfort and consolation which he had a right to feel in the purity and virtue of his child. You may take into consideration his loss of hope in the future of his daughter, and compensate him for the same. You may award him damages not only for his mental anguish in the disgrace of his daughter, but for his anxiety as to what is to become of her in the future. You may look to the loss to him and his family of social standing and position by reason of the daughter's disgrace; you may consider his mortification, humiliation, and sense of dishonor."

The injuries for which damages were awarded in the above cause, when applied to the person seduced, are certainly personal injuries. Wounded feelings, loss of hope in the future, mental anguish in the disgrace, loss of social standing and position, mortification, humiliation, and sense of dishonor are to be considered in weighing the damage to the father. Much more should they be weighed in considering the damage to the injured woman. These are all injuries that pertain to the person.

The next point to be considered is, did the bankrupt willfully and maliciously perpetrate the same? "Willful" means "intentional" or "deliberate." It may mean, when used in a statute, an intentional and deliberate doing of a wrongful act. How seduction can be other than a willful act it is difficult to comprehend. Certainly it is done intentionally. A malicious injury may not always include personal ill will or hostility to the person injured. The definition of the term "malice" given in Rap. & L. Law Dict. is as follows:

"Malice, in the legal acceptation of the word, is not confined to personal spite against individuals, but consists in a conscious violation of the law to the prejudice of another."

In the note to Terwilliger v. Wands, 72 Am. Dec. 429, it is said of this term:

"Malice means a want of legal excuse. This is the sense in which the term is most frequently employed, and it is probably the only sense in which it is properly employed. Substitute 'absence of legal excuse' for 'malice' in many opinions in the reports which are difficult to be understood, and they will become easily intelligible. * * * Malice, in law, does not mean malice or ill will towards the individual affected by libel or slander. In the ordinary sense of the term, 'malice' in law, or absence of legal excuse, is an implication of law from the false and injurious nature of the charge, and differs from

actual malice and ill will towards the individual, frequently given in evidence to enhance the damages."

King v. Root, 4 Wend. 113; Pennington v. Meeks, 46 Mo. 217; Jellison v. Goodwin, 43 Me. 287; Com. v. Goodwin, 122 Mass. 19–35; Bigelow, Cas. Torts, pp. 116, 202, 203.

Seduction is a criminal offense under the statute law of Montana. See section 458, Pen. Code. It therefore cannot be said that there can be any legal excuse for such an injury. When a man with blandishments and promises that are never fulfilled seduces an unmarried woman, knowing well the consequences to her of his acts,—that she will lose her standing in society, that her future will be blighted, that she will be shunned by her own sex, and lose the respect of the opposite sex,—it ought to be held in law that his injury to her is malicious.

The counsel for the bankrupt have cited quite a number of opinions to the effect that it is no ground for an objection to the final discharge of a bankrupt that he has scheduled as his liability a judgment against him from which the decree of this court would not discharge him. That is not the issue presented to the court in this case. There are no objections to any application the bankrupt has made for a discharge; hence all the cases cited by the counsel for the bankrupt are not in point. The grounds upon which a discharge may be opposed are specially named in the statute. There is one case that might be considered as to whether the injury received by plaintiff was a willful and malicious one,—In re Sullivan, 2 Am. Bankr. R. 30. In that case it was held that, as the action was maintained by the father for the seduction of his daughter, it could not be said that as to him the injury was willful and malicious; that the action was founded upon the loss to the father of the services of his child. In that case, however, it is said:

"If the action and recovery had been by the daughter, instead of the father, malice might be inferred from his [the bankrupt's] act."

I reach the conclusion, then, that the judgment in this case is for a willful and malicious personal injury, and that it cannot be discharged under the bankruptcy act. The bankrupt, in his petition, therefore, has not presented any debt or claim from which this court can discharge him.

In some of the cases cited by the bankrupt's counsel it was claimed that the discharge might operate on claims that were not scheduled. This may be true. And yet, upon a mere supposition that possibly there might be such claims, should a court be called upon to act and render its judgment? In regard to the federal courts it is generally said that their jurisdiction is not general, but special, and the grounds for exercising such jurisdiction must appear in the record. There should always be a subject-matter upon which any court can act. It ought not to be called upon to act upon a mere supposition that there might be somebody or something affected by its judgment. It also appears from the schedules of the bankrupt that he has but $75 worth of wearing apparel. This is all his assets, and he claims this wearing apparel as exempt under the laws of Montana, and this un-

doubtedly is the case. The bankrupt has no property, then, that the court can take charge of. In section 4 of the bankruptcy act of 1898 it is provided:

"Any person who owes debts except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt."

In Loveland, Bankr., it is stated:

"The power conferred extends only to persons, corporations, partnerships, etc., who are subject to be adjudged bankrupts. These courts have no authority over persons other than those specified in the act to be subject to its provisions."

Certainly a debt which the action of the court could not affect ought not to give jurisdiction.

In Brown, Jur. § 10, p. 23, it is said:

"Whenever the court lacks jurisdiction of the subject-matter, it may, on its own motion, or when its attention is called to the fact, refuse to proceed further, and dismiss the action."

It is therefore adjudged that the adjudication of Edward R. Maples as a bankrupt be, and the same is, vacated and annulled, and his petition to be adjudged a voluntary bankrupt is dismissed, and the reference canceled.