## In re YATES.

### (District Court, N. D. California. February 24, 1902.)

### No. 3,774.

BANKRUPTCY—WHO MAY BECOME VOLUNTARY BANKRUPTS—DEBTS.

The word "debts," as used in Bankr. Act 1898, § 4, providing that "any person who owes debts, except a corporation, shall be entitled to the benefit of this act as a voluntary bankrupt," must be construed in accordance with the definition given in section 1, subd. 11, as limited to a "debt, demand, or claim provable in bankruptcy," and an unliquidated claim for damages for a personal tort is not such a debt. Where the only debt scheduled by a voluntary bankrupt was a judgment rendered against him by a state court, and it is shown that such judgment was for a personal tort, and that an appeal therefrom had been taken and was pending at the time of the filing of the petition, the effect of which, under the laws of the state, was to supersede the judgment, the adjudication will be set aside and the proceedings dismissed.[1]

---

[1] What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank of Mattoon, Ill., 42 C. C. A. 4.

In Bankruptcy. On motion by creditor to vacate adjudication.

T. B. Hutchinson, for creditor.
Edw. S. Bell, for bankrupt.

DE HAVEN, District Judge. This is a motion by one S. H. Risdon to vacate the decree of this court made January 2, 1902, by which Enoch Yates was upon his voluntary petition adjudicated a bankrupt, and for the dismissal of the petition in bankruptcy. The only debt mentioned in the schedule filed with the petition for adjudication is described as a judgment in favor of said Risdon for the sum of $894, rendered by the superior court of the state of California in and for the county of Napa, on August 31, 1901. The ground of the motion is that Yates is not a bankrupt, within the meaning of the bankruptcy act. It appeared upon the hearing of the motion that the judgment referred to was obtained in an action for a willful and malicious injury to the person of Risdon, the plaintiff therein; that after its rendition, and before the decree of adjudication in bankruptcy, an appeal was taken from that judgment to the supreme court of the state, and such appeal is now pending.

1. It was said by the supreme court of California, in the case of Harris v. Barnhart, 97 Cal. 550, 32 Pac. 589:

"It has been repeatedly held by this court that the operation of a final judgment is suspended by an appeal therefrom, and that pending such appeal the judgment is not admissible in another case as evidence, even between the same parties."

And section 1049 of the Code of Civil Procedure of this state provides:

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

The appeal, therefore, from the judgment in the action of Risdon v. Yates suspended its operation, and may result in its reversal; and from this it follows that at the date of the adjudication in bankruptcy there was not, nor is there now, any certainty that the plaintiff in the action referred to will succeed in the recovery of any judgment against Yates. Such being the status of the claim for damages involved in that action, it is clear that Yates was not at the date of the filing of his voluntary petition a bankrupt, within the meaning of the law. Section 4 of the bankruptcy act provides that "any person who owes debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt." In subdivision 11 of section 1 of that act the word "debt" is defined as "any debt, demand, or claim provable in bankruptcy"; and subdivision "a" of section 63 of the bankruptcy act enumerates five different classes of debts which may be proved against the estate of the bankrupt, in one of which is included "a claim for a fixed liability as evidenced by a judgment or instrument in writing, absolutely owing by the bankrupt at the time of the filing of the petition against him"; but a cause of action against him for unliquidated damages for a personal tort, such as is involved in the

action of Risdon v. Yates, before referred to, is not within either of the classes named. Subdivision "b" of the same section provides:

"Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate."

This subdivision is not to be construed as authorizing the proof of claims not declared in subdivision "a" to be provable. Its object is simply to provide that unliquidated claims which fall within the scope of subdivision "a" are to be liquidated in such manner as the court shall direct. Lowell, Bankr. p. 487; and see, also, the well-considered opinion of Judge Marshall in the case of In re Hirschman, 4 Am. Bankr. R. 716, 104 Fed. 69. In the case of In re Maples, 5 Am. Bankr. R. 426, 105 Fed. 919, it was held that the bankruptcy proceeding should be dismissed, where the only debt scheduled was a judgment for willful and malicious injury to the person,—a debt which, although provable under the provisions of the bankruptcy act, would not be affected by a discharge. With much stronger reason should the decree adjudging Yates a bankrupt be vacated, and the proceeding instituted by him be dismissed, because at the date of the filing of his voluntary petition there was no existing provable debt against his estate under the bankruptcy act. It will be time enough for him to apply for relief under the bankruptcy act, and to ask the court to pass upon the many questions which may arise in such a proceeding, when it shall be ascertained that he is indebted to some person upon a claim provable under the bankrupt act.

The order of adjudication is vacated, and the petition in bankruptcy dismissed.