### In re COLALUCA.

(District Court, D. Massachusetts. November 21, 1904.)

#### No. 9,187.

1. BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—JUDGMENT ON RECOGNIZANCE.

Where a defendant against whom a judgment has been obtained for an assault, on being arrested on execution makes application to take the poor debtor's oath, and gives a recognizance under Rev. Laws Mass. c. 168, § 29 et seq., such recognizance is merely a cumulative security for the original judgment, and a judgment subsequently rendered thereon

constitutes a liability for a willful and malicious injury to the person, within Bankr. Act July 1, 1898, § 17a(2), 30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3428], which is not released by a discharge in bankruptcy.

2. SAME—DISMISSAL OF PETITION—GROUNDS.

A petition in voluntary bankruptcy, which schedules no debt which would be barred by a discharge, may be dismissed in the discretion of the court.

In Bankruptcy. On review of order of referee dismissing petition.

John E. Crowley, for bankrupt.

John T. Wilson, for creditor.

LOWELL, District Judge. Colaluca filed a voluntary petition alleging but one debt, viz., on a judgment for $250. Adjudication followed. The creditor moved to dismiss the petition, and the referee allowed the motion upon the ground that the only debt scheduled was one which would not be discharged in bankruptcy. The debt arose as follows: The creditor recovered judgment against the bankrupt in an action wherein the former declared that the latter had assaulted and wounded him. The bankrupt was arrested upon an execution issued on this judgment, made application to take the oath for the relief of poor debtors, and executed a recognizance with sureties in the usual form. Rev. Laws Mass. c. 168, § 29 et seq. The bankrupt thereafter made default on the recognizance, and the creditor obtained judgment in a suit brought thereon. Thereafter the petition in bankruptcy was filed.

The court has to determine: First. If the judgment on the recognizance is a liability not discharged in bankruptcy, being "for willful and malicious injuries to the person or property of another." The bankrupt did not dispute that the original action was brought on a liability of this sort. Did the nature of the original action inhere in the judgment on the recognizance? That it did so inhere the Supreme Court of Massachusetts decided in Smith v. Randall, 1 Allen, 456, 460, and I do not understand that this decision was overruled in Everett v. Henderson, 150 Mass. 411, 23 N. E. 318. In Moore v. Loring, 106 Mass. 455, the court said that a bond to dissolve an attachment and a "recognizance are cumulative securities for the same debt." See Watts v. Stevenson, 169 Mass. 61, 63, 47 N. E. 447.

Second. Should a petition in bankruptcy be dismissed because it schedules no debt which would be barred by discharge? The affirmative was held In re Maples (D. C.) 105 Fed. 919. See In re Yates (D. C.) 114 Fed. 365. I agree with the first decision so far as to hold that the court has discretion to dismiss under the conditions stated. The court may not be compelled in every case, upon a motion to dismiss, to determine the nature of the liabilities scheduled, but it has discretion to do so. The bankrupt's conduct in this case, as found by the referee, requires dismissal, if that be otherwise allowable.

Judgment of the referee affirmed.