### In re SCHWANINGER.

(District Court, E. D. Wisconsin. March 2, 1906.)

BANKRUPTCY—VOLUNTARY PROCEEDINGS—SINGLE DEBT—NO ASSETS.

> A debtor having but one debt and no assets to which the trustee can take title may become a voluntary bankrupt under section 4 Bankr. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], which provides that any person who has "debts" except a corporation, shall be entitled to the benefits of the act, section 1, subd. 29, providing that words importing the plural number may be applied to and mean only a single person or thing.

A. D. Agnew, for the bankrupt.
Moritz Wittig, for creditor.

QUARLES, District Judge. This is a motion to discharge a voluntary petition in bankruptcy, and to set aside the adjudication made thereon. The schedules of the bankrupt show but one debt, which is a judgment for $1,065.80. The schedule of assets discloses that the entire property of the bankrupt consists of chattels amounting in value to $50, all of which is claimed as exempt, and undoubtedly is exempt under the statutes of Wisconsin.

The question raised by the motion is a novel one. The sole creditor appears and raises the contention that a debtor having but one debt and no assets to which the trustee can take title under the act, is not a person qualified to become a bankrupt under the provisions of Bankr. Act July 1, 1898. c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3118], and that the court has acquired no jurisdiction over the case. As jurisdiction in bankruptcy springs wholly from the statute, the pending question must hinge upon the construction of the provisions of the act of Congress. Section 4 (30 Stat. 547 [U. S. Comp. St. 1901,

p. 3423]), provides that "Any person who has debts, except a corporation, shall be entitled to the benefits of this act as a voluntary bankrupt." It is contended that this language clearly indicates the purpose of Congress to extend the benefits of the act only to such debtors as have a plurality of debts; that the language is so plain there is no room for construction. But section 1, subd. 29, under the title "Definitions," provides that "words importing the plural number may be applied to and mean only a single person or thing." This provision, if applicable, would make the text of section 4 read "debts or debt," and would seem to settle the question adversely to the present motion. No doubt has been expressed so far as we can find, in any text-book or adjudicated case, that section 4 ought to be construed with reference to the definition provided in section 1.

Re Maples (D. C.) 105 Fed. 922, is a case where there was but a single debt, and where there were no assets. If the objection which we are now considering were sound, it was clearly decisive of the Maples Case. But the court was at great pains to point out that the solitary debt in that case was not a provable debt within the purview of the bankruptcy act. The court there held "the bankrupt in his petition, therefore, has not presented any debt or claim from which this court can discharge him." While the court did not expressly say that a single provable debt would answer the purposes of jurisdiction, we are left to infer as much from what the court did say. Re Yates (D. C.) 114 Fed. 365, is another case where the only debt disclosed by the schedules was a judgment in tort, wherein an appeal had been taken which suspended its mandate for the time being. There is no suggestion in the opinion that the judgment, if final, and of a nature to be proved as a debt, would not sustain the jurisdiction. The reasoning of the court would certainly lead us to the opposite conclusion. I pass now to consider the second proposition upon which this motion is based.

It is contended that where there is no property to be distributed there is no function to be performed by any officer known to the act, and that the machinery provided by the law will be wholly inoperative, and that such a proceeding, culminating only in the discharge from a single obligation, was not within the contemplation of Congress. While it is true that the act of 1898 contemplates distribution as well as discharge, the presence of assets has not been specifically recognized and laid down as essential to jurisdiction, while the existence of indebtedness has been explicitly made a condition precedent. Cases are cited holding that the absence of assets is fatal to the jurisdiction of probate courts. Such cases are not in point here, because the distribution of assets among creditors and legatees or heirs at law, is the sole function of a court of probate. When the bankruptcy act was passed, Congress had in mind the relief of unfortunate debtors. That humane policy permeates the entire act, and seems to have been made quite as important a function as an equitable distribution of assets among the creditors. The bankruptcy act of 1841 was the first act which provided for an unqualified discharge of the debtor. Its constitutionality was assailed, and the court, in Re Klien, 1 How. (42 U. S.) 277, note, Fed. Cas. No. 7,865 say:

"Of this subject Congress has general jurisdiction; and the true inquiry is, to what limits is that jurisdiction restricted? I hold it extends to all cases where the law causes to be distributed the property of the debtor among his creditors; this is its least limit. Its greatest is a discharge of the debtor from his contracts. And all intermediate legislation, affecting substance and form, but tending to further the great end of the subject—distribution and discharge—are in the competency and discretion of Congress."

In Hanover National Bank v. Moyses, 186 U. S. 181, 188, 22 Sup. Ct. 857, 46 L. Ed. 1113, which involved the constitutionality of the act of 1898, the court say:

"The subject of 'bankruptcies' includes the power to discharge the debtor from his contracts and legal liabilities as well as to distribute his property. The grant to Congress involves the power to impair the obligation of contracts, and this the states were forbidden to do."

Later on, on page 192 of 186 U. S., page 862 of 22 Sup. Ct. (46 L. Ed. 1113), the court say:

"The determination of the status of the honest and unfortunate debtor by his liberation from encumbrance on future exertion is matter of public concern, and Congress has power to accomplish it throughout the United States by proceedings at the debtor's domicil."

It is difficult to understand why a debtor owing a single obligation of $1,065, should not fall within the merciful policy of the act. It is an accidental circumstance that the indebtedness was not distributed among two or more creditors. His case is clearly within the spirit of the act, and no good reason has been suggested why he should not be within its scope and operation. It is my belief that Congress had not in mind any purpose to discriminate against an unfortunate debtor who is oppressed by a single obligation, and that the will of Congress will be effectuated by making the definition above recited applicable to section 4, and treating the term "debts" where it occurs in such section as the equivalent of "debt."

For these reasons the motion will be denied.