In re GULICK.

(District Court, S. D. New York. August 16, 1911.)

BANKRUPTCY (§ 407*)—DISCHARGE—JURISDICTION TO GRANT.

    A court of bankruptcy is without jurisdiction to grant a discharge to a bankrupt unless there are dischargeable debts, and where the only claims listed by a bankrupt, or filed, are stated in his schedule to be disputed, and are in fact in litigation, which he is contesting, the court has no power to grant him a discharge.

    [Ed. Note.— For other cases, see Bankruptcy, Dec. Dig. § 407.*]

In the matter of Herbert Gulick, bankrupt. On motion to confirm referee's report recommending a discharge. Discharge denied.

See, also, 186 Fed. 350.

Olcott, Gruber, Bonynge & McManus, for bankrupt.
Root, Clark & Bird, for opposing creditor.

HOLT, District Judge. This is a motion to confirm a referee's report recommending a discharge. The bankruptcy is voluntary. Three claims only are listed in the schedules, each of which is stated in the schedules to be disputed. In fact, three actions were pending on them when the bankruptcy petition was filed, in which the bankrupt had interposed answers denying liability. These answers have not been withdrawn. The referee has reported in favor of a discharge, to which the creditors object on the ground that, as the bankrupt denies that any debts exist, the court has no jurisdiction.

The point is novel; but, in my opinion, the objection is valid. The discharge authorized by the bankrupt act is a discharge from debts, not from disputed claims. I think that a bankruptcy court has no jurisdiction to grant a discharge, unless there are dischargeable debts to discharge. Thus it has been held that the court has no jurisdiction to grant a discharge when the only claim listed is not provable (In re Yates [D. C.] 114 Fed. 365; In re Schwaninger [D. C.] 144 Fed. 555), or, though provable, is not dischargeable (In re Maples [D. C.] 105 Fed. 919; In re Yates [D. C.] 114 Fed. 365). Two of the claims filed in this case appear to be dischargeable; but the point is that the bankrupt does not admit that they are debts. He may prefer to get a discharge, instead of litigating the claims on the merits; but, until he admits that they are debts, I do not see what power a bankruptcy court has to discharge such contested claims because they may be established as debts.

The referee's report is not confirmed, and the discharge is denied.