## BLACKSTOCK v. BLACKSTOCK.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1920.)

No. 5417.

**1. Bankruptcy** ⊙⇒421 (5)—**Debt held for support of wife and children and not dischargeable.**

Where petitioner for voluntary bankruptcy in his schedule stated that a note was given to his wife, and the contract between them provided that the wife should take the note, executed to others, in satisfaction of maintenance and support court might award her in divorce proceedings, or in satisfaction of claim for support of herself and children, the bankrupt cannot claim that the note was given as attorney's fees, and a judgment for the note was a liability for maintenance or support of wife or child, which is not a dischargeable debt, under Bankruptcy Act, § 17, as amended in 1903 (Comp. St. § 9601).

**2. Bankruptcy** ⊙⇒51—**Court can vacate voluntary adjudication and dismiss petition, when no debt would be barred by discharge.**

Whether a sole creditor, whose claim would not be barred by the discharge, can object to the discharge or not, it was within court's discretion to vacate the adjudication of voluntary bankruptcy and dismiss the petition, when it appeared that no debt was disclosed which would be barred by a discharge.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Voluntary proceedings in bankruptcy by Andrew J. Blackstock. From a decree dismissing the petition, on objection by Minnie Blackstock, the sole creditor, petitioner appeals. Affirmed.

Omar E. Robinson and Halbert H. McCluer, both of Kansas City, Mo., for appellant.

Brown Harris and Henry C. Smith, both of Kansas City, Mo., and Wm. J. Davidson, of Oklahoma City, Okl., for appellee.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MUNGER, District Judge. This case presents an appeal from an order dismissing a petition in bankruptcy. The appellant, a resident of Jackson county, Mo., on October 19, 1917, filed a voluntary petition asking that he be declared a bankrupt. In his schedule of debts owing by him, he listed Minnie Blackstock as his only creditor. He set forth that the debt was contracted in 1904, and that it had been reduced to judgment in March, 1917, in the state court for Jackson county, Mo. He further stated:

"The consideration of the debt originally was a promissory note given by the bankrupt to Minnie Blackstock, who was then his wife, preceding which note there had been a separation between this bankrupt and Minnie Blackstock. There was then a divorce suit pending against this bankrupt, which suit, however, was abandoned by the said Minnie Blackstock."

An order of adjudication and reference was made upon this petition. The bankrupt then applied for a discharge in bankruptcy. Minnie Blackstock then filed a petition in the case setting forth that she was the judgment creditor referred to in the schedules and alleging that the judgment was founded on a claim and settlement for alimony, and asked that the discharge be denied, and the bankruptcy petition be dismissed.

The issues thus made were referred by the court to the referee, and testimony was taken before him and reported to the court. It was disclosed that the bankrupt owed no other debts than the one represented by the judgment. The judgment had been entered for the balance on a promissory note which had been given in 1904, at the same time that a written contract had been executed between the bankrupt and Minnie Blackstock. This contract recited that she had filed a petition for divorce, alimony, and attorney's fees, and for the custody of the two minor children, and that in consideration of $2,000 then paid by the bankrupt to Minnie Blackstock, and the execution of a promissory note by him payable to the order of Chew and Fitzhugh in the sum of $500, Minnie Blackstock accepted the same in full satisfaction for the support, maintenance, and alimony that might be awarded her by the court in the pending divorce proceedings, and for the support and maintenance of the minor children, if a divorce were decreed and their custody awarded to her.

The contract further provided that, if the court should not decree a dissolution of the matrimonial bonds, the payment and acceptance of the money and the premises therein was accepted in full satisfaction by her for the support and maintenance, and for any claim that she might have against him for support and maintenance, as his wife, during her coverture, and for the support and maintenance of the minor children while under her control. The note, as executed, was payable to Chew and Fitzhugh, but had been indorsed and assigned by them to Minnie Blackstock at the time the contract was executed. After the execution of these instruments, Andrew J. Blackstock and his wife did not live together, and she had the care and maintenance of the children, and some time before the hearing of this case the parties had been divorced.

Upon consideration of the evidence showing these facts, the court expressed the opinion that the judgment listed by the bankrupt was not a provable or dischargeable debt, and that it was without jurisdiction to adjudicate Blackstock as a bankrupt, because he owed no debts, but, whether jurisdiction was entirely wanting or otherwise, that it had discretion to dismiss the petition as one filed for an unworthy and unlawful purpose, and an order of dismissal was made.

[1] Appellant contends that the judgment against the bankrupt was such a debt as was dischargeable by the bankruptcy proceedings. The claim is not made that the court may not look back of the judgment and of the promissory note to see the nature of the liability on which they were founded. Neither is it claimed that, if the note had been given for the support of the wife and minor children, it would be a dischargeable debt. Even before the amendment of section 17 of the Bankruptcy Act in 1903 (Comp. St. § 9601), there would have been little basis for such contentions. Audubon v. Shufeldt, 181 U. S. 575, 21 Sup. Ct. 735, 45 L. Ed. 1009; Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084; Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265. By section 17 of the Bankruptcy Act, as it was in force at the time of this proceeding, a discharge in bankruptcy released a bankrupt from all his provable debts, with certain exceptions, among which were: "Liabilities for maintenance or support of wife or child."

The appellant claims that the note was given to the payees, Chew and Fitzhugh, as attorney's fees. There is no evidence in the record to show that Chew and Fitzhugh were attorneys or that the note was given for any such object. The bankrupt, in the schedule to his petition, states that the note was given by the bankrupt to his wife. The contract executed between them at the time of the making of this note provides that she take both the money then paid and the note then executed to Chew and Fitzhugh in satisfaction of the support and maintenance that the court might award her in the divorce proceedings, and for the support of the minor children, or, if a divorce is not granted, then "the payment and acceptance of the said sum of money, and the premises herein, is accepted in full satisfaction" of any claim for her support during coverture and for the support of the minor children. This clearly shows that the note was for the benefit of her and of the minor children and was given for their support, and it was her property, even if she were not named as the payee, and it was a liability expressly excepted from discharge by the terms of section 17 of the Bankruptcy Act.

[2] Whether Minnie Blackstock was entitled to make objection to the discharge or not, when the fact came to the attention of the court that the bankrupt's petition disclosed no debt that would be barred by a discharge, it was within its discretion to vacate the adjudication and dismiss the petition. In re Maples (D. C.) 105 Fed. 919; In re Yates (D. C.) 114 Fed. 365; In re Colaluca (D. C.) 133 Fed. 255; In re Gulick (D. C.) 190 Fed. 52; In re Shepardson (D. C.) 220 Fed. 186.

The decree will be affirmed.