**In re TAMBURO.**

No. 10000.

United States District Court
D. Maryland.
Feb. 25, 1949.

· Emanuel Gorfine, of Baltimore, Md., for creditor.

Alfred F. Walker, of Baltimore, Md., for bankrupt.

WILLIAM C. COLEMAN, Chief Judge.

This matter is before the Court on petition of the Atlas Assurance Company, Ltd., a judgment creditor of the bankrupt, to review the action of the Referee in refusing, in his order discharging the bankrupt, affirmatively to exempt the judgment from the effect of the discharge, instead of leaving, as he did, the question of such exemption for future determination when the petitioning creditor seeks to enforce the judgment.

The material facts relative to this judgment are these: it was obtained in this Court in a suit brought by the Liggett & Myers Tobacco Company Inc. for the benefit of the Atlas Assurance Company, Ltd., against four individuals, one of whom is the bankrupt, based upon a claim for reimbursement of payment which the Atlas Company had made in accordance with a policy of insurance issued by it to the Tobacco Company for the loss of a shipment of cigarettes, the property of the Tobacco Company, while in transit from Richmond, Virginia, to consignees in Baltimore. In this civil suit it was proved to the satisfaction of a jury that the four individual defendants, knowing this shipment to have been stolen, and with intent to deprive the Tobacco Company of it, by conspiracy among themselves acquired and secreted this shipment and later disposed of it in such manner that the cigarettes were never recovered. Accordingly, a verdict was obtained against the defendants for $22,728.87, with interest, for which judgment was entered in favor of the Tobacco Company to the use of the Insurance Company. No appeal was taken from this judgment and it remains unpaid.

Thereafter, Joseph Tamburo filed a voluntary petition in bankruptcy, listing this judgment on his schedule of debts. The Atlas Assurance Company, Ltd. filed specifications in opposition to Tamburo's discharge, claiming that the judgment should not be included in any discharge granted the bankrupt, relying upon Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2) which provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another, * * *." It is not claimed by the Insurance Company that the circumstances giving rise to the bankrupt's liability to it as represented by the judg-

ment constitute grounds for denial of a discharge to the bankrupt under any one of the seven grounds set forth in Section 14, 11 U.S.C.A. § 32, the Insurance Company's position being, as above stated, that it is entitled to an affirmative declaration that its judgment is exempt from discharge instead of being required, when it seeks to realize on its judgment against the bankrupt, to again prove all the facts and circumstances which formed the basis of the judgment.

The Referee in Bankruptcy, however, rejected this contention of the Insurance Company and granted the bankrupt a discharge from all debts and claims made provable by the Bankruptcy Act against his estate, except such debts as are by the Act exempted from the operation of a discharge in bankruptcy, reciting in his order that the petition of the Insurance Company "is hereby dismissed without prejudice to the claim of said Liggett & Myers Tobacco Company, Inc. to its own use and to the use of Atlas Assurance Company, Ltd. that their debt is not discharged hereby, on which point no adjudication or decision of any kind has been made."

In his memorandum accompanying this order, the Referee recites four grounds for his refusal to grant the Insurance Company's petition, which are as follows: "1. All courts have throughout the history of Anglo-American jurisprudence been only too often criticized for their wrongfull extension of their jurisdiction. The federal court, whose powers are limited to those conferred by statute, should be particularly careful to keep itself free of the charge of extension of jurisdiction 'by encroachment'; 2. No section of the Bankruptcy Act specifically confers upon the bankruptcy court the power it is here requested to exercise and there is no need of bankruptcy administration requiring it to assume the power; 3. The bankruptcy court would be bold and assertive to presume to act for a fear that when the question is raised in a court of appropriate jurisdiction on suit or execution by the creditors, that court would not decide the action according to the applicable law and facts; and 4. In most instances (and for the innovation proposed by the creditors to be approved its opera-

tion in the average case is the test to apply) the creditor holding a debt claimed to be exempted from the discharge will not have obtained judgment prior to the bankruptcy and the erstwhile bankrupt, when sued on a money claim, has the constitutional right by both the federal and state constitutions to a jury trial, which right would be usurped and mostly eliminated did the bankruptcy court undertake to decide which debts are discharged and which are not."

With respect to the first and third grounds, we are in accord with the Referee. As for the first ground, a court of bankruptcy must confine the exercise of its authority within the limits that are either expressed or clearly and reasonably implied by the provisions of the Bankruptcy Act. As to the third ground, it is likewise true that it is not the function of the bankruptcy court to anticipate that a court of appropriate jurisdiction will not accord to a judgment creditor, in a suit on a judgment obtained in another court, every right to which he is entitled for the enforcement of that judgment.

We are also in agreement with the Referee with respect to the first sentence of the second ground on which he has rested his decision, namely, that "No section of the Bankruptcy Act specifically confers upon the bankruptcy court the power it is here requested to exercise." However, we believe that the Referee is in error in concluding from this that "there is no need of bankruptcy administration requiring it to assume the power" in a case such as the one now before us. Furthermore, we feel that on the facts here presented the Referee's fourth ground for denying the judgment creditor's petition is not sufficient, namely, that should the bankruptcy court undertake to decide which debts are discharged and which are not, this would be tantamount to usurpation by it of the bankrupt's constitutional right to a jury trial when sued on a money claim. In the present instance the bankrupt has already had his jury trial, as a result of which his liability to the Insurance Company has been determined, and it is now res adjudicata.

Section 14 of the Bankruptcy Act, 11 U. S.C.A. § 32, provides that after hearing

objections to an application for discharge, the applicant shall be discharged unless he has committed one or more of six enumerated acts. Section 17, 11 U.S.C.A. § 35, enumerates six types of debts which are not dischargeable. The right to a discharge under Section 14 and the effect of it are distinct matters since Section 14 authorizes a general discharge while Section 17 expressly excepts certain debts from the operation of such discharge.

■ It is conceded that the judgment in the present case represents a liability of the bankrupt for wilful and malicious injury to property as defined in the second type of excepted debts as set forth in Section 17. See Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754; McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205.

■ Normally the bankruptcy courts have been accustomed merely to determine whether or not the bankrupt is entitled to discharge under Section 14 and to leave the effect of the discharge upon a particular claim for determination when the discharge is pleaded as a defense to the enforcement of such claim. However, a bankruptcy court has inherent equity jurisdiction to control the effect of its own order of discharge, although not bound to exercise such jurisdiction and should not do so except under special circumstances that clearly warrant its exercise. See Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, in which it was held that a court of bankruptcy has jurisdiction by ancillary proceedings to enforce an order of discharge by enjoining the prosecution of suits brought against the debtor. See also In re Devereaux, 2 Cir., 76 F.2d 522, certiorari denied Devereaux v. Belsey, 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416. In other words, such power should be exercised only when a failure to act will result in unfairness either to the bankrupt or the creditor. When a court of bankruptcy does elect to exercise this equitable jurisdiction to determine the status of a particular debt which, as in the present case, has been reduced to judgment prior to the adjudication in bankruptcy, the character of the debt is to be determined from the record of the proceedings in the court which entered the judgment.

■ While instances of the exercise of such jurisdiction are relatively quite rare, we are satisfied that the facts in the present case fully warrant its exercise. Otherwise, the judgment creditor would be subjected to duplicating proof of the details of the conversion of the property which have already been fully disclosed by lengthy testimony in a jury trial on the civil side of this very Court. Indeed, because of lapse of time it may not be possible for the judgment creditor to duplicate this testimony. But in any event, since the bankrupt's liability for this judgment is res adjudicata, it would be unreasonable to subject the judgment creditor, when attempting to realize on his judgment, to the expense and labor of presenting again the same testimony merely for the purpose of determining what has already been determined with finality, and which is the factual point upon which the judgment creditor's right to enforce payment of his judgment rests, namely, that the bankrupt wilfully and maliciously converted the judgment creditor's property.

In Harrison v. Donnelly, 153 F.2d 588, the Eighth Circuit Court of Appeals affirmed the bankruptcy court's exercise of this jurisdiction under circumstances very similar to those in the present case. There, the creditor had obtained a judgment for punitive damages in a Missouri Court against a bankrupt prior to his adjudication, in an action for personal injuries found to have been caused by wanton and reckless conduct in the operation of a motor vehicle. In due course, on behalf of the judgment creditor, specifications were filed with the Referee in Bankruptcy objecting to the bankrupt's discharge on the ground that the judgment against him was not dischargeable for the reason that the damages awarded were for wilful and malicious injuries to the person of the judgment creditor. The Referee entered a general order discharging the bankrupt from all debts provable in bankruptcy, except such as are excepted from the operation of a discharge under the Act, and specifically excepted this particular judgment. On petition to review, the District Court affirmed the Referee's order. The bankrupt then

appealed from that part of the Referee's order excepting from discharge the judgment debt. In affirming the action of the Referee and the lower court, the appellate court said, after analyzing Sections 14 and 17 of the Bankruptcy Act, 153 F.2d at pages 589, 590: "Formerly the federal courts held that the bankruptcy court could not determine upon a bankrupt's application for a discharge whether the debt due a particular creditor was to be excepted from the operation of the discharge, the only proper issue being the bankrupt's right to a discharge; and that the effect of the discharge, if granted, upon a particular claim is to be determined when the discharge is pleaded or relied upon as a defense to the enforcement of such claim. In re Thomas, D.C.Iowa, 92 F. 912; In re Rhutassel, D.C. Iowa, 96 F. 597; In re Havens, 2 Cir., 272 F. 975. However, since the decision of the Supreme Court in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, the jurisdiction of a bankruptcy court to limit the effect of its own order of discharge is no longer questioned. But the court is not bound to exercise such jurisdiction and does not do so under usual circumstances. In re Devereaux, 2 Cir., 76 F.2d 522, certiorari denied [Devereaux v. Belsey], 296 U.S. 589, 56 S.Ct. 100, 80 L.Ed. 416; In re Barber, 3 Cir., 140 F.2d 727; Watts v. Ellithorpe, 1 Cir., 135 F.2d 1. Such power should be exercised by the court only when a failure to act will result in embarrassment to the bankrupt or the creditor. The approved practice at present, unless such result is shown to exist, is to enter a general order of discharge and permit the bankrupt to plead his discharge as a defense in the state or other court where the creditor seeks to enforce his claim. The court having jurisdiction of the subject matter of the claim and of the parties is competent to determine whether the debt is affected by the discharge in bankruptcy or whether the claim is excluded under any of the provisions of § 17, 11 U.S.C.A. § 35. Greenfield v. Tuccillo, 2 Cir., 129 F.2d 854; In re Byrne, 2 Cir., 296 F. 98; In re Anthony, D.C.Ill., 42 F.Supp. 312; In re Grover, D.C.Minn., 63 F.Supp. 644.

"When a court of bankruptcy elects to exercise its equitable jurisdiction (as was done in this case) to determine the dischargeability of a particular debt which had been reduced to judgment prior to the adjudication in bankruptcy, the nature and character of the debt must be determined from the record of the proceedings in the court which entered the judgment. In re Adler, 2 Cir., 152 F. 422; Peters, Sheriff, v. United States ex rel. Kelley, 7 Cir., 177 F. 885; United States ex rel. Weber v. Meyering, Sheriff, 7 Cir., 66 F.2d 347, 349; In re Fuller, D.C.Pa., 18 F.Supp. 394."

The Circuit Court of Appeals then reviewed the proceedings in the Missouri Court that resulted in the judgment and affirmed the order of the Referee that had been appealed from, concluding with this statement, 153 F.2d at page 591: "It seems clear from the foregoing authorities that the judgment for punitive damages against the bankrupt in the Circuit Court of Missouri because of his 'wanton and reckless' conduct is conclusive evidence of every element of 'willful and malicious' conduct as defined by the Supreme Court in Tinker v. Colwell, supra."

The facts in the Harrison case, just as those in the case now before us, are quite different from those in the normal situation which has given rise, especially in the earlier decisions, to the doctrine that a bankruptcy court's order of discharge should be general and should not attempt to limit its effect by excepting particular debts from the operation of the discharge. Furthermore, it is to be noted that there is an even stronger reason in the present case for granting the creditor's petition than in the Harrison case, in that here the judgment was obtained on the civil side of this very Court, not in a different court. But it should, of course, be pointed out that our conclusion that the present case is an exceptional one, and therefore justifies a ruling that the judgment creditor is entitled to have the Referee adjudicate the nondischargeable character of the judgment, does not mean that the valid rendering of the judgment in this Court does not have to be proved if sued upon in another court. This is entirely different from requiring

the judgment creditor to produce proof of facts upon which the judgment was obtained,—namely, quite different from requiring a retrial of the case here in this Court or elsewhere for the purpose of establishing one fact which has already been established and has become res adjudicata, namely, that the bankrupt's conversion of the shipment in question was wilful and malicious, thus constituting wilful and malicious injury to the property of the insured within the meaning of Section 17(2) of the Bankruptcy Act.

The Referee analyzed the three decisions upon which the petitioning creditor relied and concluded that they were not adequate authority for ruling other than he did. The earliest of these cases, In re Wilson, D.C., 269 F. 845, is a decision rendered in 1920 by Judge Rose of this Court. There, specifications in opposition to the bankrupt's discharge were filed on the ground that the only debt scheduled by the bankrupt was one which would be barred by the discharge, namely, a judgment for personal injuries caused by the bankrupt's illegally driving an automobile while intoxicated and injuring the judgment creditor. The Court granted the discharge on the ground that the judgment was not one "for willful and malicious injuries to the person or property of another" within the meaning of Section 17(2) of the Bankruptcy Act since the bankrupt's illegally driving his automobile while intoxicated did not involve the wilful intent to cause the injury, which is a prerequisite under this provision of the Act. The bankrupt had united with the judgment creditor in asking that the question of dischargeability be determined by the Court, which the Court did, saying, 269 F. 845, at page 846, that "in the discretion of the court, it may be," relying upon In re Colaluca, D.C., 133 F. 255.

The Referee dismissed the Wilson case as not a persuasive authority. He stated that In re Colaluca, supra, a decision of the District Court of Massachusetts, though related to the issue here presented, was not exactly in point. There, only one debt had been filed with a voluntary petition for adjudication. This debt was a judgment which the creditor had recovered against the bankrupt in an action for assault. The bankrupt was arrested upon an execution issued on this judgment; he made application to take the oath for the relief of poor debtors and executed a recognizance with sureties, but then made default on the recognizance, and the creditor obtained judgment in a suit brought thereon, after which the petition in bankruptcy was filed. The Referee dismissed the petition and the District Court affirmed, stating, 133 F. at page 256, "that the court has discretion to dismiss under the conditions stated. The court may not be compelled in every case, upon a motion to dismiss, to determine the nature of the liability scheduled, but it has discretion to do so." Thus, while we agree with the Referee that, factually, this Massachusetts case is not exactly in point, nevertheless, we feel that in principle it supports the position of the judgment creditor in the present case.

The second case cited by the Referee is In re Zitzmann, 46 F.Supp. 314, decided by the District Court for the Eastern District of New York. There, the Referee found that the bankrupt's debt to a creditor who had objected to the bankrupt's discharge, arose out of theft or embezzlement of money belonging to the creditor, and justified the Referee's determination that this debt was not dischargeable. The bankrupt contested this ruling but the Court affirmed the Referee, stating, 46 F.Supp. at page 315: "It is true that following a discharge in bankruptcy the nondischargeability of a particular debt may be determined by a state court; but the bankruptcy court in any event is not barred from passing upon the dischargeability of a debt—certainly not in the manner in which the question arose in this proceeding. The findings of fact of the referee, in which he holds that the debt arose out of theft or embezzlement, are sustained by the record. Such a debt is not dischargeable in bankruptcy and this court has power so to state." Thus, we believe that this case does support the judgment creditor's position in the case now before us.

The third case cited by the Referee is Hisey v. Lewis-Gale Hospital, D.C., 27 F. Supp. 20. This is a decision by Judge Paul in the District Court for the Western District of Virginia. There, the bankrupt

sought to have a creditor restrained from enforcing a state court judgment which had been obtained against the bankrupt, before the question of the bankrupt's discharge had been adjudicated. The District Judge granted the injunction and in the course of his opinion, said, 27 F.Supp. at pages 24, 25: "The creditor was a party to the proceeding with full opportunity to assert and have determined in the bankruptcy court any questions affecting its debt. However, it chose to ignore the bankruptcy and, without waiting for the bankrupt to apply for a discharge, it proceeded to sue on its debt in the state court, thereby transferring to the latter the determination of matters which could have been determined in the pending bankruptcy proceeding and which it was primarily the duty of the bankruptcy court to determine. In doing so it subjected the bankrupt to the additional expense and trouble of appearing in the state court in an effort to protect himself.

\* \* \* \* \*

"Section 17 of the Act having provided what debts are and what are not dischargeable, it follows that a court of bankruptcy, under its duty and power to interpret and administer the provisions of the bankruptcy act, has the power to determine whether a particular debt is dischargeable (Gleason v. Thaw, supra [3 Cir., 185 F. 345, 34 L.R. A.,N.S., 894]); and it would seem to follow that when ready opportunity offers for such determination in a pending bankruptcy proceeding, the question should not be transferred for determination to a state court.

\* \* \* \* \*

"The question of the discharge of a bankrupt is always an issue in a bankruptcy case, or at least a potential issue which immediately becomes active whenever a discharge is contested, as it may be by any creditor. And there is no reason to see why this issue does not exist as to the discharge of particular debts under the provisions of Sect. 17 as well as to the question of a general discharge under Sect. 14, 11 U.S.C.A. §§ 32, 35. The statement heretofore made that the creditor had a ready opportunity to have the question whether its debt was a dischargeable one determined in the bankruptcy proceeding is based on the opinion of this Court that the rights of a creditor in connection with a bankrupt's petition for discharge are not confined to making objection to a general discharge as provided by Section 14; but that the creditor, in the absence of any objection to a general discharge, may raise the question that his particular debt is not dischargeable under Sect. 17, may have that question determined and, if determined in his favor, may have it exempted from the effect of the order of discharge by the terms of the order itself.

"It should be stated that this Court knows of no jurisdiction where this method of procedure is the established practice as related to debts claimed to be non-dischargeable under the provisions of Section 17. It is, however, a practice regularly used in this district in connection with another class of debts which are barred from discharge, namely, debts scheduled in a prior bankruptcy in which no discharge was obtained. \* \* \*

It is now well settled that the bankrupt is not entitled to obtain discharge from such debts in the second proceeding where objection is made. \* \* \*

"Examination of the decided cases leads to the conclusion that this practice is approved and followed in many other districts. \* \* \*

"No sound reason appears why a like procedure is not applicable where the debts are made non-dischargeable by the provisions of Sect. 17, a procedure which is convenient, which works no hardship on either the bankrupt or the creditor and which allows the matter in dispute to be passed upon by the bankruptcy court to the care of which the duty of interpreting the bankruptcy act has been committed."

While it is true that the facts in the Hisey case also are quite different from those before us, nevertheless, we believe that on principle, it is clearly an authority favorable to the petitioning creditor in the present case. Here the question is one of protecting a creditor of the bankrupt from unnecessary, harassing and expensive duplication of litigation. In the Hisey case,

Judge Paul took a position similar to that which we now take, in the interest of protecting the bankrupt from the same duplication. While here we have the converse of the situation in the Hisey case, the underlying principle, we believe, is common to both situations.

For the reasons herein given the case is remanded to the Referee, so that he may reform his order discharging the bankrupt in conformity with this opinion.