## In re RHUTASSEL.

(District Court, N. D. Iowa, C. D. September 23, 1899.)

1. BANKRUPTCY— GROUNDS OF OPPOSITION TO DISCHARGE.

To defeat the bankrupt's application for a discharge, it is necessary that the specifications in opposition thereto should allege, and the objecting creditors prove, the commission by the bankrupt of one or other of the two acts which the bankruptcy law (section 14b) denounces as grounds for refusing a discharge.

2. SAME—ISSUES—EFFECT OF DISCHARGE.

The question whether or not the debt of a particular creditor is such as to be excepted from the operation of a discharge in bankruptcy cannot properly be raised or tried upon the bankrupt's application for discharge, and creditors' opposition thereto; the only proper issue being the bankrupt's right to a discharge. The effect of the discharge, if granted, upon any particular claim, is to be determined when the discharge is pleaded or relied on as a defense to the enforcement of such claim.

3. SAME—DEBTS AFFECTED—JUDGMENT IN ACTION FOR FRAUD.

If the bankrupt obtained a loan of money from a bank by means of false representations as to the amount of property he owned, and gave his promissory note for the amount of the loan, a judgment on such note is not a "judgment in an action for fraud or obtaining property by false pretenses or false representations," within the meaning of Bankruptcy Act, § 17, providing that such judgments shall not be released by a discharge in bankruptcy.

In Bankruptcy. Submitted on report and certificate of referee, with petition for discharge and objections thereto.

F. H. Harriman, for bankrupt.
John M. Hemmingway, for creditors.

SHIRAS, District Judge. Upon the filing of the petition for discharge in this case, the Bank of Hampton objected to the granting a discharge to the bankrupt upon the ground that the debt due the bank, and which now exists in the form of a judgment, was created by false pretenses and fraudulent representations with respect to his property on the part of the debtor; and it is further prayed that the court, if a discharge is granted, will find and adjudge that the discharge is not effective as against the claim of the bank, because of its fraudulent origin; and the creditors further ask that the testimony in support of the objections to the discharge be taken before the referee, or some other proper party residing in the county wherein the debts were created.

Under the provisions of the bankrupt act, there are certain matters inhering in the conduct of a bankrupt which will defeat the granting of a discharge; and there are other matters inhering in or connected with the character of certain claims which except them from the effect of a discharge, if granted. To defeat the right to a discharge, it must be shown that the bankrupt has committed an offense punishable by imprisonment under the provisions of the act,

or, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained. Section 14 of bankrupt act. The effect of a discharge, when granted, is declared in section 17 of the act, which provides that a discharge shall release a bankrupt from all his provable debts, except taxes; judgments in actions for fraud, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; claims not duly scheduled by the bankrupt, unless the creditors had notice or actual knowledge of the pendency of the proceedings; and debts created by fraud, embezzlement, misappropriation, or defalcation of the debtor while acting as an officer or in a fiduciary capacity. The facts set forth in the specifications filed in opposition to the petition for discharge do not show that the bankrupt has committed an offense punishable by imprisonment, under the provisions of section 29 of the act, or that with fraudulent intent, and in contemplation of bankruptcy, he has destroyed or concealed, or failed to keep, books of account or records from which his financial condition might be ascertained. The specifications therefore fail to show a reason for refusing the discharge, and the only remaining question is whether the court will hear and determine the proposition touching the effect of the discharge upon the debt due the bank, upon the hearing of the petition for discharge. As a matter of pleading, the petition presents only the question whether the bankrupt is entitled to a discharge, and does not tender any issue touching the effect of the discharge, if granted, upon particular debts or claims. In opposition to the petition, creditors are entitled to aver and prove any matter which the act declares shall bar the granting of a discharge, but it would certainly be no ground for refusing a discharge if it appeared that there were claims in existence which a discharge would not bar or release. The right to a discharge is one thing, and the effect of it, when granted, is another, and wholly distinct, proposition. The only issue tendered by the petition is the right to a discharge, and the only facts properly pleadable in opposition thereto are those which show that under the provisions of section 14 the bankrupt is not entitled to a discharge. The issue upon the effect of a discharge will arise when a creditor seeks to enforce a judgment or claim, and the debtor pleads his discharge in bar thereof. This question was very fully and carefully considered by Judge Woolson in Re Thomas, 92 Fed. 912; and I concur in the conclusion reached by him, that the proper place and time for the determination of the effect of the discharge is when the same is pleaded or relied upon as a defense to the enforcement of the particular claim.

Furthermore, the record presents the question whether the claim of the bank comes within any of the exceptions named in section 17, which enumerates the several classes of claims which are not released by a discharge under the act. The bank now holds a judgment entered upon two promissory notes executed by the bankrupt, and, in the objections set forth to the petition for discharge, it is

averred that the bankrupt obtained a loan of money from the bank by certain false statements respecting the property he then owned. The judgment, however, which now constitutes the evidence of the claims held by the bank, is not a judgment rendered in an action for fraud, or for obtaining property by false pretenses or false representations, but is founded on the express promise to repay the money loaned by the bank, as evidenced by the notes executed by the bankrupt, and therefore the judgment does not show that the debt upon which it is based was created by fraud or by false statements. If the bankrupt act provided that claims created by fraud, false statements, or false pretenses were excepted out from the bar of a discharge, then the mere fact that the claim had been put into judgment might not preclude the holder thereof from proving its original and essential nature, in order to enable the court to determine whether it came within the exceptions of the statute. Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370. Thus, if the bankrupt, while acting in an official or fiduciary capacity, had misappropriated or embezzled money coming into his hands, and a judgment for the amount misappropriated or embezzled had been rendered against him in an action for money had and received, the merger of the claim into a judgment of that form would not debar the owner of the claim from showing, as against a plea of a discharge under the bankrupt act, that the claim or debt now evidenced by the judgment was one created by the fraud, embezzlement, misappropriation, or defalcation of the bankrupt while acting in an official or fiduciary capacity, because the last clause of section 17 of the act excepts from the operation of a discharge provable debts created by the fraud, misappropriation, or embezzlement of one acting in an official or fiduciary capacity. The point of inquiry under this clause of the act is, how was the debt created? not in what form is it now evidenced? Under the second clause of section 17, the question of the form of the debt, as well as of its original nature, is an essential in determining whether the particular debt will be barred by a discharge, or whether it is protected against the bar of the discharge by coming within the exceptions created by this clause of the section. The second clause of this section does not except out from the effect of the discharge claims created by fraud, or by obtaining property by false statements, or by willful and malicious injuries to the person or property of another, but does except out judgments rendered upon causes of action of the named nature; and therefore, to come within the exception, it must appear that the creditor holds a judgment which was rendered in an action for fraud, or for obtaining property by false pretenses or by false representations, or for willful and malicious injury to the person or property of the creditor. In other words, the judgment, read in connection with the pleadings upon which it is based, must establish the fact that the claim sued on and merged in the judgment was created through fraud or by false pretenses, or by willful and malicious injury to the person or property of another. For illustration, suppose the bankrupt by false representations purchased goods on credit from A. In such a case it would be optional with A. to

waive the fraud and to sue upon the contract of purchase, or to sue for damages, basing the action on the fraud. In the former case the question of fraud or false pretenses or representations would not be involved, and would not be heard nor adjudicated, whereas in the latter case the question of fraud would be heard and adjudged, and it is only judgments of the latter character that come within the exceptions contained in the second clause of section 17. It is apparent that, if it had been enacted that a discharge should not bar claims or debts created by false pretenses or false statements, such a provision would have been a fruitful source of litigation in the future, and would have subjected the bankrupt to constant worry and pressure from creditors claiming that the debts due them had in fact been created by false statements with respect to the financial condition of the debtor, and were therefore not within the bar of the discharge, and hence the wisdom of the provision that limits the exception to judgments which show on their face that the claim merged therein was based on the fraud of the bankrupt. But, whatever the reason for the enactment may have been, the fact remains that the second clause of section 17 embraces only judgments for frauds, or for obtaining property by false pretenses or statements, or for willful injuries to person or property, and cannot be extended to include claims not in judgment, or judgments based on the contract, express or implied, of the bankrupt, and not upon a fraud or wrong of the nature of those described in the clause in question.

As already stated, in the specifications filed in opposition to the petition for a discharge it is shown that the judgment held by the bank is not based upon any fraud proven to have been committed by the bankrupt, but is founded upon the promissory notes executed by him; and, therefore, in the view taken of the law by the court, it would be a useless expenditure of time and money to make an order for the taking of testimony in support of the specifications, as is now asked on behalf of the opposing creditors. The application for a discharge will come before the court on the first Monday in October, and counsel will then be heard, if ground exists for opposing the discharge.