(35 Misc. Rep. 648.)

## COLLINS v. McWALTERS et al.

(Supreme Court, Special Term, New York County. August, 1901.)

1. DISCHARGE IN BANKRUPTCY—PLEADING.
    No court other than a bankruptcy court is bound to take notice of a discharge in bankruptcy, unless it is pleaded as a release.
2. SAME—JUDGMENT FOR FRAUD.
    The complaint in an action by the grantee of land to recover the price of her grantor, because, after inducing her to withhold her deed from record, said grantor sold the same to a third person, does not charge fraud; and a judgment recovered thereon is not a judgment "in actions for fraud," which Bankr. Act 1898, § 17, subd. 2, declares shall not be released by discharge.
3. SAME—FAILURE TO SCHEDULE DEBT.
    Under Bankr. Act 1898, § 17, subd. 2, a debt is not released by discharge where it has not been scheduled, and the creditors have had no notice or actual knowledge of the bankruptcy proceedings.

Action by Julia Collins against James McWalters and others. Judgment for plaintiff. Motion to set aside order in supplementary proceedings on the ground of discharge in bankruptcy. Denied.

Herman N. Hansen, for the motion.
James E. Smith, opposed.

GILDERSLEEVE, J. In December, 1893, the defendants, James McWalters and Mary McWalters, his wife, sold two lots of land in the city of New York to the plaintiff, Julia Collins, and received therefor the sum of $900. At the time, as alleged in the moving papers, said James McWalters assured plaintiff that it was not necessary to record the deed. Subsequently, but at what exact date the papers before me fail to show, the defendants again sold those lots to one Hamilton, notwithstanding the previous sale to plaintiff. Thereafter, and previous to November, 1899, but at what precise time it does not appear, the plaintiff demanded the return to her of the $900, so paid by her to defendants for the said lots. On December 30, 1898, the defendant James McWalters filed a petition in bankruptcy, and on July 25, 1901, obtained his discharge in bankruptcy from all debts which existed on December 30, 1898, the date of the filing of the petition in bankruptcy, provable against his estate, except such debts as are by law exempt from the operation of a discharge in bankruptcy. The debt owing to plaintiff was not mentioned in the schedules in such bankruptcy proceedings, and said defendant did not include the plaintiff in his list of creditors. Meanwhile, and in November, 1899, plaintiff commenced this action against defendants to recover the $900, aforesaid, and on May 18, 1900, the

plaintiff recovered a judgment for $1,089.20, damages, interest, and costs, which was duly entered on May 21, 1900, and is still unsatisfied of record and unpaid. Several motions have apparently been made for the examination in supplementary proceedings of the defendants, and the defendant Mary McWalters has been examined, but the other defendant, although ordered to attend for examination, has thus far contrived to elude such examination. He now makes a motion to vacate an order made on July 26, 1901, requiring him to appear for examination in supplementary proceedings, on the ground that the judgment was discharged by the bankruptcy proceedings. No motion is made, under section 1268 of the Code, for an order directing the judgment to be canceled and discharged of record, for the reason that a year has not elapsed since defendant's discharge in bankruptcy, as required by the section in question, which reads as follows, viz.:

"At any time, after one year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court * * * for an order, directing the judgment to be canceled and discharged of record. If it appears, upon the hearing that he has been discharged from the payment of that judgment, or the debt upon which such judgment was recovered, an order must be made," etc.

A discharge in bankruptcy is not per se an extinguishment of the debt, and no court, other than the court of bankruptcy, is bound to take judicial notice of the discharge. It is, however, a release which may be pleaded. See Coll. Bankr. (3d Ed.) 198. The defendants here set it up, as we have seen, as a defense to the said order of July 26, 1901, and, as a reason for setting the same aside, plaintiff claims that this judgment is not covered by the discharge. The bankruptcy law of 1898 exempts from discharge "judgments in actions for fraud." Section 17, subd. 2. But this provision appears to apply only to cases where fraud is the gravamen of the action, and in which proof of fraud is essential to the recovery, and does not include a judgment rendered in an action in which the right of recovery is based upon an act not essentially fraudulent, although fraud may be incidentally shown. Burnham v. Pidcock, 58 App. Div. 273, 68 N. Y. Supp. 1007. A copy of the complaint in this action is annexed to the moving papers, and on its face does not appear to raise any question of fraud. It simply alleges the receipt by defendants of the $900, the demand for its return, and refusal of defendants, and that it is owing to the plaintiff from the defendants. Fraud is charged in the opposing affidavits on this motion, but defendants deny the charge of fraud. From the complaint, as I have said, there is nothing to indicate "that fraud was the gravamen of the action," or that "proof of fraud was essential to the recovery." The objection to the motion, based on the ground that the judgment was recovered in an action for fraud, and is therefore not affected by the discharge in bankruptcy, is not sustained. There is a preponderance of proof before me that the action was not for fraud.

There is another point, however, which seems of more weight in the opposition to this motion. Section 17 of the bankruptcy law exempts from release under a discharge in bankruptcy, among other

things, such debts "as have not been scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless the creditor had notice or actual knowledge of the proceedings in bankruptcy." It is admitted that the debt to plaintiff was not scheduled at all, but defendants claim that plaintiff had actual knowledge of the proceedings in bankruptcy, although it is conceded that no notice was given to the plaintiff. Both plaintiff and her attorney emphatically deny, on oath, that they, or either of them, had "any actual knowledge of the proceedings in bankruptcy until long after the expiration of the time for proof and allowance of the debt in the bankruptcy proceedings." I am inclined to hold that the defendants have not substantiated their claim in this respect by a fair preponderance of evidence. The judgment, as we have seen, remains unpaid and unsatisfied of record, and the order for the examination of defendant is conceded to be regular in form, and I do not think, under the proof here presented, that this defense of a discharge in bankruptcy is available. The motion to set aside the order of July 26, 1901, referred to in the moving papers, is denied, with $10 costs.

Motion denied, with $10 costs.