[S. F. No. 2949.    Department One.—August 4, 1903.]

## SANTA ROSA BANK, Respondent, v. GEORGE E. WHITE, Appellant.

BANKRUPTCY—DISCHARGE—EXCEPTION—DEBTS NOT SCHEDULED—CON-
STRUCTION OF ACT.—Under section 17 of the Bankruptcy Act of
July 1, 1898, the exception from a discharge in bankruptcy of such
provable debts as have not been duly scheduled in time for proof
and allowance, with the name of the creditor, if known to the bank-
rupt, includes all debts not scheduled, whether known or unknown
to the bankrupt.

ID.—PROVISO—KNOWLEDGE OF CREDITOR.—The provision to the excep-
tion, "unless such creditor had notice or actual knowledge of the
proceedings in bankruptcy," does not contemplate constructive notice
to the creditor; but the term "actual knowledge" is used as explana-
tory of the word "notice," and actual knowledge is required in order
to exclude the creditor from the exception.

ID.—PLEA OF DISCHARGE—PROOF OF EXCEPTION—COLLATERAL ACTION
UPON NOTE.—To a plea of discharge in bankruptcy, proof of an
exception to the discharge may be shown in a collateral action upon
a promissory note not scheduled by the bankrupt.

APPEAL from a judgment of the Superior Court of So-
noma County and from an order denying a new trial. S. K.
Dougherty, Judge.

The facts are stated in the opinion of the court.

George W. Schell, for Appellant.

James W. Oates, for Respondent.

SMITH, C.—This is a suit on a promissory note of the
appellant and the other defendants, for the sum of $3,675.53,
with interest, etc. The plaintiff had judgment, from which
and from an order denying the appellant defendant's motion
for a new trial the appeal is taken.

The defense is a discharge of the defendant in bankruptcy,
under the act of July 1, 1898, (30 U. S. Stats. 544; U. S.
Comp. Stats. 1901, p. 3418). The effect of this was to "re-
lease" the defendant "from all of his provable debts," with
the exceptions named in section 17 of the act; which, so far as

material, reads as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

It was held by the court, in effect, that the debt sued on comes within the exception stated. The contrary is claimed by the appellant, for the reason, among others, that it appears from the evidence that the plaintiff's debt was not known to him when he prepared his schedules, or until after his discharge; which was more than a year after the adjudication of bankruptcy. The only evidence on this point is the defendant's own testimony. But his explanation of the matter is not unreasonable; and as there is no finding on the point, it must be assumed that the court regarded the question as immaterial; which, indeed, is the ground now taken by respondent's counsel. It will be assumed, therefore, that the fact is as stated by appellant in his testimony. The question involved is therefore purely one of construction, and may be thus stated: Does the exception cited include all debts not scheduled, whether known or unknown to the bankrupt, or only such as were known to him?

The question is not without difficulty, but the grammatical structure of the provision seems to require the former construction; and we see nothing in the terms of the provision or in the other provisions of the act—whether considered in themselves or in connection with the former law—to indicate a different intention. (Sutherland on Statutory Construction, sec. 267; Broom's Legal Maxims, 652.) Under the former law the omission of a debt from the schedule, whether intentionally or otherwise, did not affect the validity of the discharge (Rev. Stats., sec. 5119); and the effect of the new provision is simply to establish a different rule. In the only cases involving this provision we have been able to find, the question now presented was not involved, nor do they seem to throw any light upon it. (*Tyrrel* v. *Hammerstein,* 33 Misc. Rep. 505; 67 N. Y. Supp. 717; *Collins* v. *McWalters,* 35 Misc. Rep. 648; 72 N. Y. Supp. 203; *In re Rhutassel,* 96 Fed. 597.)

The other contentions of the appellant are more obviously

untenable. They are: 1. That the provision in question is to be construed as requiring only constructive notice in the creditor to exclude him from the exception; 2. That the evidence did not justify the finding that plaintiff did not have actual notice; 3. That the plaintiff was at liberty to present his claim for proof and allowance when he discovered the pendency of the bankruptcy proceedings, which was more than a year after the adjudication of bankruptcy; and 4. That the plaintiff's claim, as to the effect of the defendant's discharge, constituted a collateral attack on the decree, which was inadmissible. But, as to the first contention, we think it clear that in the expression "notice or actual knowledge," the latter term is used as explanatory of the former, and that actual knowledge is required in order to exclude the creditor from the exception, (*Collins* v. *McWalters,* 35 Misc. Rep. 648; 72 N. Y. Supp. 205); and as to the second, the evidence, we think, was sufficient to justify the findings. The third contention is disposed of by the express provisions of subdivision 2 of section 57 of the act, and the fourth by those of section 17, which expressly excepts the debts specified from the effect of the decree. In the corresponding provision of the Revised Statutes (sec. 5119) there was a similar provision as to the effect of the discharge, with exceptions stated; and it was held that as to the plea of discharge the exception might be shown in a collateral action, (*Forsyth* v. *Vehmeyer,* 177 U. S. 177,) and the same has been held with reference to the existing act, (*Gee* v. *Gee,* 84 Minn. 384; *In re Rhutassel,* 96 Fed. 597.) The numerous cases cited by appellant's counsel refer to other provisions of the former act and to other questions.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.