BAIRD, Appellant, vs. CARLE, Respondent.

*May 22—June 17, 1914.*

*Husband and wife: Alienation of wife's affections: Justification: Right of brother to advise her: Pleading: Presumptions: Burden of proving malice: Evidence: Competency: Communications to brother by physician and attorney: Instructions to jury: Harmless errors.*

1. A brother has the right to advise a married sister to discontinue her marital relations with her husband if he honestly believes that conditions are such as to demand separation, provided he acts in good faith and has substantial reasons for believing that the advice given is proper.

2. If in such a case separation ensues and the husband brings an action for alienation of his wife's affections, he must allege, and the burden is upon him to show, that the advice which tended to bring about the separation was given maliciously and in bad faith.

3. Where in such a case plaintiff alleged and attempted to prove that the defendant brother acted in bad faith and from malicious motives, defendant had the right to prove facts in justification under the rule above stated, although he did not plead justification.

4. Defendant was properly permitted in such a case to testify to

communications made to him, before he advised the separa-
tion, by a physician and a lawyer whom his sister had con-
sulted in the matter. The admissibility of such testimony
does not involve any question as to whether such physician or
lawyer would be a competent witness upon the trial, nor as to
the accuracy or correctness of the information given by them
to defendant, provided it was such that he might reasonably
rely thereon.

5. In an instruction to the jury, in such case, that the mere fact
that defendant "induced or enticed" his sister "to live apart
from her husband, and that they had previously lived happily
together, is not sufficient to make him liable or to raise a pre-
sumption that his motive was malicious, as would be the case
if he were a stranger to" the wife, the use of the word "en-
ticed" was unfortunate, but when the quoted sentence is taken
in connection with what preceded and what followed it, the
instruction was not likely to be misleading; and in view of
the evidence the error, if any, was not prejudicial.

6. Requested instructions in such case, to the effect that it is not
necessary to the right of action that defendant's conduct be
the sole cause of the alienation, but it is sufficient if his con-
duct was the controlling cause, and that evidence of indiffer-
ence or cruelty of the husband to the wife prior to the aliena-
tion and of the unhappiness of their domestic relations only
goes to the mitigation of damages and not to a justification
of a malicious act of the defendant in causing the separation,
were correct and might properly have been given; but, the
evidence that defendant acted either maliciously or in bad
faith being very slight, the refusal of such instructions was
not prejudicial error.

APPEAL from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the briefs of
*Edgar L. Wood,* and for the respondent on that of *Jeffris,
Mouat, Oestreich & Avery.*

BARNES, J. This action is brought by the plaintiff to re-
cover damages for the alienation of his wife's affections,
against the defendant, who is a brother of plaintiff's wife. It
was submitted to the jury on a general verdict by which the

jury found for the defendant, and from a judgment entered thereon plaintiff appeals. The errors assigned are on the erroneous admission of evidence, on the charge of the court to the jury, and on the refusal of the court to charge as requested by the plaintiff.

It was held by this court in *Jones v. Monson,* 137 Wis. 478, 488, 119 N. W. 179, that parents have the right to advise their married daughters to discontinue their marital relations with their husbands if they honestly believe that conditions are such as to demand separation, provided they act in good faith and have substantial reasons for believing that the advice given is proper. It is also held in that case that if separation ensues and the husband brings an action to recover damages for the alienation of the affections of the wife, the burden is on him to show that the advice which tended to bring about the separation was given maliciously and in bad faith. The weight of authority elsewhere is to the effect that this rule also extends to a brother or other near relatives of the wife. *Powell v. Benthall,* 136 N. C. 145, 48 S. E. 598; *Trumbull v. Trumbull,* 71 Neb. 186, 98 N. W. 683; *Luick v. Arends,* 21 N. Dak. 614, 132 N. W. 353, 365, and cases cited; *Bailey v. Kennedy,* 148 Iowa, 715, 126 N. W. 181. This rule is not only humane, but a contrary one would be almost intolerable.

We entertain no doubt that the rule of *Jones v. Monson, supra,* held applicable to parents should also extend to a brother.

The first assignment of error argued is that the court was wrong in permitting the defendant to show facts in justification of his conduct without having pleaded justification. The assignment is not well made under the rule of law which we adopt. It was incumbent upon the plaintiff to allege that the defendant acted in bad faith and from malicious motives. It was so alleged in the complaint. It was necessary for the

plaintiff to prove this allegation in order to make a case, and he did attempt to prove it.    The allegation was denied in the answer.    On the issue thus made, the defendant had the right to offer any competent proof which would tend to show that he was actuated by good motives and not by malice, and that he had reasonable ground for believing that the advice which he gave his sister was entirely proper under the circumstances.

The plaintiff and his wife were married at Janesville in July, 1910, and immediately went to California to reside. About October 10, 1910, the wife left her husband, ostensibly to pay a visit to her brother at Janesville, Wisconsin. She was apparently timid about talking with her brother about her aversion to her husband.    It appears that she consulted a physician at Janesville.    In her talk with her physician, Dr. Van Kirk, she told some things which rendered it inadvisable for her to return to and live with the plaintiff. She also advised him that she had not told her brother because she was afraid that he would insist on her going back to California to her husband.    The doctor conveyed to the defendant the substance of his conversation with Mrs. Baird. Among other things he said she told him that she would rather be dead than go back to California, and that she wanted the doctor to talk with her brother about the matter.

Mrs. Baird also communicated with Mr. Jeffris, one of the defendant's attorneys in the present action, and related to him her objections to living with her husband.    Mr. Jeffris communicated this information to the defendant.    After these communications were made, the defendant had a talk with his sister in which she related to him what she had already told Dr. Van Kirk and Mr. Jeffris.

On the trial the defendant was permitted to testify to what Dr. Van Kirk communicated to him and also to what Mr. Jeffris told him, and likewise to the facts or alleged facts detailed to him by his sister.    It is insisted that it was error

to admit this evidence because the communications between Mrs. Baird and her physician and lawyer were privileged, and because statements made by her could not be received in evidence against her husband.

The evidence was properly admitted. The defendant had the right to advise his sister, provided he acted upon reasonable information and in good faith. In that event he had a complete defense to the action, which would be entirely unavailing to him if he were unable to show the information which he received and the sources from which it came. We do not know of any information that a relative would be more likely to act upon than that conveyed by a doctor or a lawyer in a case of this kind. The question as to whether these parties would be competent witnesses on the trial is not at all involved. Neither is the accuracy or correctness of the information given of any consequence, provided it was such that the defendant might reasonably rely thereon. As a matter of fact on the statement of the physician the information which he communicated to the defendant was not privileged, and the wife, having requested that the information be communicated to her brother, consented that it might be disclosed. In reference to the statements made by the sister to the defendant, it is claimed that they were not competent because made after the brother had actually induced his sister to separate from her husband. The defendant, however, insisted that he neither counseled nor advised any separation until after he received the communications from the doctor and the attorney and talked with his sister in reference thereto. He had the right to present his case to the jury upon the facts as he claimed them to be, and on his evidence he might rely on the alleged facts related to him by his sister in advising her as he did.

A number of errors are assigned and argued on the charge of the court. We do not deem it necessary to consider them

in detail.   Some of them are eliminated by the view of the court to the effect that the burden of proving malice and bad faith was on the plaintiff.

The most substantial assignment of error is on the following portion of an instruction which was given:

"The mere fact, if you should find it to be a fact, that he induced or enticed Mrs. Baird to live apart from her husband, and that they had previously lived happily together, is not sufficient to make him liable or to raise a presumption that his motive was malicious, as would be the case if he were a stranger to Mrs. Baird."

The particular objection to this instruction is in the use of the word "enticed."   The choice of this word was not fortunate.   The word "enticed" may be used in a harmless sense, but is usually used to denote meretricious conduct. The sentence is one culled from a lengthy instruction intended to define the legal rights of the defendant in the premises. Taken in connection with what precedes and also what follows it, we think it is unlikely that the jury were misled. They were told that if they were satisfied to a reasonable certainty that the defendant induced or enticed Mrs. Baird to leave her husband, they must then determine whether the defendant in doing so "acted from malicious motives, that is, not in good faith with the sole desire to promote his sister's happiness and welfare."

The court then proceeds to differentiate between advice given by a near relative and that given by a mere stranger, and it is probable that, taken as a whole, it would be understood by the jury to mean that they must find for the plaintiff if satisfied that the defendant actually induced his sister not to live with the plaintiff and that in so doing he acted in bad faith and from malicious motives.   If it be said that the instruction is technically incorrect, it should not be held to be reversible error in this case for reasons that will be stated later on.

The court further instructed the jury that the presump-

tion was that the defendant acted in good faith and not ma-
liciously. This is entirely in harmony with what was de-
cided in *Jones v. Monson,* 137 Wis. 478, 119 N. W. 179, and
was a correct statement of the law as applied to a near rela-
tive such as a brother.

The plaintiff asked that some sixteen different instructions
be given to the jury which were refused by the court.

The following requested instructions were correct and
might well have been given:

"9. It is not necessary in order to confer a right of action
that the defendant's conduct be the sole cause of the aliena-
tion or separation. It is sufficient if the conduct of the de-
fendant was the controlling cause."

"13. Evidence tending to show indifference or cruelty of
the husband to his wife prior to the alienation and of the un-
happiness of their domestic relations only goes to the mitiga-
tion of damages and not to a justification of the wilful acts,
if you find there is a malicious act of the defendant in caus-
ing the separation, if you find he did cause it."

The error of the court, if it was an error, in using the
word "enticed" as hereinbefore stated, or in failing to give
the instructions above quoted, should not be considered preju-
dicial error. We have read the evidence in the case, and,
while it was proper enough to submit the case to the jury, as
a matter of fact the evidence to show that the defendant acted
either maliciously or in bad faith is very slight indeed.
When its unconvincing character is considered in connection
with the evidence offered by the defendant and the explana-
tions made by him as to certain transactions which it is
claimed tended to show bad faith, it is wholly improbable
that any jury on the same evidence would return a different
verdict if the instructions given had been full, accurate, and
correct in every particular. This being the case, the judg-
ment should not be interfered with.

*By the Court.*—Judgment affirmed.