## In re SANDSTROM.

(District Court, E. D. Virginia. November 2, 1925.)

Aliens ⚖═65—Alien, who served three years in Coast Guard service, held not entitled to naturalization on affirmative proof that he had not been a resident for five years (Comp. St. §§ 4352, 4360).

The provision of Act June 29, 1906, § 4, subd. 7, as amended by Act May 9, 1918, §§ 1–3 (Comp. St. § 4352), authorizing an alien who has served for three years in the Army, Navy, Coast Guard, etc., to petition for naturalization "without proof of the required five years' residence, if * * * it is shown that such residence cannot be established," and providing that his certificate of honorable discharge "shall be deemed prima facie evidence to satisfy all of the requirements of residence," did not repeal Rev. St. § 2170 (Comp. St. § 4360), requiring five years' residence, and the prima facie evidence of the certificate may be overcome, and the right to naturalization defeated, by proof that the alien has not resided in the United States for five years.

Petition for Naturalization. In the matter of the petition of Emil Sandstrom for naturalization. Dismissed.

GRONER, District Judge (orally). In the matter of petition for naturalization, No. 2411, petitioner, Sandstrom, who is now and for some time past has been an enlisted man in the United States Coast Guard, stationed at Norfolk, Va., applies for naturalization under subdivision 7, section 4, of the Act of June 29, 1906, as amended by the Act of May 9, 1918 (Comp. St. § 4352). The amendment provides a special procedure for the admission of an alien who has been honorably discharged from the United States Coast Guard. The subdivision referred to, after providing that the alien must make the regular declaration of intention, provides as follows:

"The honorable discharge certificate, * * * signed by a duly authorized officer, * * * shall be deemed prima facie evidence to satisfy all of the requirements of residence within the United States and within the state, * * * when supported by the affidavits of two witnesses, citizens of the United States, identifying the applicant as the person named in the certificate or honorable discharge."

Applicant has complied in all respects with these provisions of the law; that is to say, he has shown enlistment in the Coast Guard and an honorable discharge therefrom, as well as a re-enlistment not yet terminated. He has been duly identified by the two witnesses required by the statute, and, so far as character and personal qualifications are concerned, is entitled to citizenship. It appears, however, from records presented to the court, that he has not continuously resided in the United States for a term of five years, and that as a matter of fact he only arrived in the United States June 1, 1921. The question for determination is whether subdivision 7 of section 4, quoted above, repeals section 2170 of the Revised Statutes (Comp. St. § 4360), providing that:

"No alien shall be admitted to become a citizen who has not for the continued term of five years next preceding his admission resided within the United States."

I am clearly of opinion that the last-named statute is not repealed by the amendment of 1918. The last-mentioned statute makes an honorable discharge from the Coast Guard service "prima facie" evidence of all the conditions which the law requires for admission. It does not say that service in the Coast Guard and an honorable discharge therefrom shall in itself entitle an alien to admission as a citizen; and, if the fact otherwise appears by competent evidence that those conditions which are prerequisite to admission do not obtain, it necessarily follows that the prima facie case made by the certificate is overcome, and the case must be determined upon the facts as they really are.

Since the petition may only be granted when it appears that the petitioner has resided five years prior to its filing in the United States, and since it appears in this case that petitioner has not so resided five years continuously, the petition must be dismissed, with leave to petitioner to renew the same at any time after June 1, 1926.

## In re DE BOCK.

(District Court, N. D. California, S. D. May 9, 1925.)

Nos. 1263, 1264.

1. Bankruptcy ⚖═421(1)—Judgment in unlawful detainer action to recover property purchased on execution sale under judgment for alienation of affections is dischargeable in bankruptcy (Bankruptcy Act, § 17 [Comp. St. § 9601]).

Though judgment in action for alienation of affections, in whatever form, is nondischargeable under Bankruptcy Act, § 17 (Comp. St. § 9601), judgment in unlawful detainer action to recover property purchased on execution sale under alienation judgment is dischargeable; that plaintiff in alienation action became purchaser at execution sale being immaterial.

**2. Bankruptcy ⟨key⟩315(1).**

In absence of stay or supersedeas, appeal from judgment against bankrupt in unlawful detainer action does not render judgment nonprovable in bankruptcy.

In Bankruptcy. In the matter of Clara E. De Bock, bankrupt. On motions to dismiss application for discharge. Motions denied.

Thomas B. Leeper, of Sacramento, for objecting creditor.

Hughes, Bradford, Cross & Prior, of Sacramento, for bankrupt.

KERRIGAN, District Judge. These matters rise out of an action for alienation of affections, in which Catherine M. Johnston, here an objecting creditor, obtained a judgment for $5,000 against the present bankrupts. Said Catherine M. Johnston also is purchaser of certain real property which was sold to her on execution sale to satisfy the judgment thus obtained. She also is holder of an unsatisfied judgment against the bankrupts, rendered in an action brought by her for the unlawful detainer of said property after its purchase by her. From the second judgment bankrupts have prosecuted an appeal to the Supreme Court of California, and said appeal is now pending. 244 P. 330.

Applications for discharges in bankruptcy have been duly made to this court, and the statutory period for proof of claims has elapsed. Various debts were listed in the schedules filed, but a single claim alone has been presented to the referee in each case; one based on the judgment in unlawful detainer.

The objecting creditor now asserts that there is no jurisdiction to grant a discharge, and moves that the proceedings be dismissed, alleging that said claim is nondischargeable; and, if dischargeable, nevertheless nonprovable.

[1] The first objection is untenable, because the judgment in question did not, as has been urged, arise out of an action "for willful and malicious injuries to the person or property of another." Bankruptcy Act, § 17 (Comp. St. § 9601). The original alienation judgment was, it is true, based on such an injury; and in whatever form now existing, would be held to be nondischargeable. 7 C. J. 402; In re Colaluca (D. C. Mass.) 133 F. 255, 13 Am. Bankr. Rep. 292; Blackstock v. Blackstock (C. C. A. 8th Cir.) 265 F. 249, 45 Am. Bankr. Rep. 192. But a purchaser on execution sale, illegally restrained by the judgment debtor from the use of property there purchased, cannot properly be said to assert a claim based on a willful and malicious injury to the judgment creditor when he sues for unlawful detainer. It is of course wholly accidental that the purchaser is the judgment creditor, and that fact is immaterial.

[2] As for the contention that the appeal from this judgment rendered it nonprovable in bankruptcy, there is a recent decision of the Circuit Court of Appeals of this circuit to the contrary. Moore v. Douglas (C. C. A. 9th Cir.) 230 F. 399, 144 C. C. A. 541, 36 Am. Bankr. Rep. 740. It was there held that a "judgment" is a liability, whether appealed from or not, unless its execution has been stayed and a supersedeas bond has been filed. The affidavits which have been presented do not allege the filing of such a bond, and we must assume that none in fact has been filed.

Hence, without passing on the question whether or not the failure of creditors to present claims deprives a court of bankruptcy of jurisdiction to grant a discharge, the motions will be denied, and it is so ordered.

---

### In re SOUTHERN FRUIT & PRODUCE CO.

(District Court, S. D. Florida. September 16, 1926.)

No. 3092.

Bankruptcy ⟨key⟩89(1)—Answer to involuntary petition held insufficient to raise issue as to alleged acts of bankruptcy (equity rule 30).

In view of equity rule 30 as to contents of answer, an involuntary petition alleging that the debtor, within four months and while insolvent, executed a chattel mortgage to a creditor to secure a pre-existing indebtedness, with intent to hinder and defraud creditors and to prefer the mortgagee, *held* not met by an answer containing only a general denial and denial of intent to defraud, while admitting execution of the mortgage and not denying insolvency or intent to prefer.

In Bankruptcy. In the matter of the Southern Fruit & Produce Company, alleged bankrupt. On motion of petitioning creditors for adjudication on petition and answer. Granted.

Harry Katz, of Jacksonville, Fla., for bankrupt.

David J. Lewis, of Jacksonville, Fla., for petitioners.

CALL, District Judge. This cause comes on for a hearing upon the motion of the petitioning creditors for the adjudication of the bankrupt on the petition and the bankrupt's answer.