James **ALLEN**, Appellee,

v.

William **LINDEMAN**, Appellant.

No. 53156.

Supreme Court of Iowa.

Jan. 14, 1969.

Harold Brown, Sac City, and Steven A. Carter, Sioux City, for appellant.

Thomas L. McCullough, Sac City, and Russell S. Wunschel, of Carroll, for appellee.

BECKER, Justice.

The case comes to us as a result of plaintiff's efforts to collect a $20,000 alienation of affections judgment entered in the trial court and affirmed by us in Allen v. Lindeman, 259 Iowa 1384, 148 N.W.2d 610. On July 6, 1966, pending appeal to this court in the initial case, plaintiff proceeded under Chapter 630, Code of Iowa, 1966 and caused appointment of a receiver. No supersedeas bond appears of record. Defendant to some degree complied with the order creating the receivership. He asked for and received a modification of its terms. On October 27, 1967 defendant filed his petition to dissolve the receivership alleging he had filed his voluntary petition in bankruptcy, been adjudicated a bankrupt and as a result of such adjudication his debt to plaintiff had been discharged. After hearing the trial court held the discharge in bankruptcy did not relieve the judgment in question. Defendant appeals. We affirm the trial court.

Coupled with the appeal from the foregoing judgment, denominated by the parties as a final judgment, is an appeal from a later order finding defendant in contempt of court. The two appeals will be handled separately.

I. Defendant's first three assignments of error center around the assignment: "3. The trial court erred in its Order dated January 12, 1968 when it found that a dis-

charge in bankruptcy did not affect the judgment for alienation of affections."

Defendant contends the Bankruptcy Act, 11 U.S.C.A. section 35 discharges all duly scheduled debts unless they fall within certain exceptions. Plaintiff argues his judgment is within the exceptions stated in section 35; i. e., "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another, * * * or for criminal conversation."

■ Ths narrow issue is whether the judgment debt of defendant comes within either of the two quoted exceptions. This issue is ordinarily to be decided by the court where the debt was reduced to judgment. In Re Rhutassel (D.C.Iowa), 96 F. 597; 1 Collier on Bankruptcy, Fourteenth Ed., section 17.28, p. 1723. Once the adjudication in bankruptcy is shown, the burden is on the creditor to prove his debt is not dischargeable in bankruptcy. Kreitlein v. Ferger, 238 U.S. 21, 35 S.Ct. 685, 59 L. Ed. 1184; Hallagan v. Dowell, 179 Iowa 172, 161 N.W. 177; Whelan v. United States Guarantee Co., 102 U.S.App.D.C. 287, 252 F.2d 851. To determine whether the debt is within the exception the court may look to the entire record in the original action. Hallagan v. Dowell, supra, Tudryck v. Mutch, 320 Mich. 86, 30 N.W. 2d 512. In order to come within the meaning of a willful and malicious injury it is not necessary that the cause of action be based on special malice as an essential element of the action. Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 and Den Haerynck v. Thompson (10 Cir.), 228 F.2d 72. The controlling issue is the exact nature of the debt on which the judgment is based; the form of action under which it is obtained is not controlling. Citizens Mutual Automobile Ins. Co. v. Gardner, 315 Mich. 689, 24 N.W.2d 410, 412.

Defendant recognizes there are numerous cases holding a judgment for aliena-

tion of affections is not discharged by an adjudication and discharge in bankruptcy. Allard v. La Plain, 147 Wash. 497, 266 P. 688; Ernst v. Wise, Ohio Com.Pl., 94 N. E.2d 806; In Re De Bock (D.C.Cal.), 14 F.2d 675; Leicester v. Hoadley, 66 Kan. 172, 71 P. 318. Defendant attempts to distinguish these cases, arguing there is no requirement of proof of willfulness and malice as an essential element of the cause of action in Iowa; therefore it cannot be said the jury found malice in this case, ergo, no malice has been shown.

■ It is true the essential elements of willfulness and malice are not required in Iowa as a basis for the cause. What is required is set out in Castner v. Wright, 256 Iowa 638, 643, 127 N.W.2d 583, 586: "The three essential elements of such a cause of action are: 1) wrongful conduct of defendant, 2) loss of affection or consortium of plaintiff's spouse, and 3) causal connection between such conduct and loss. Actual intent to alienate is not necessary if defendant's conduct is inherently wrong and tends to and does have the effect complained of. Rank v. Kuhn, 236 Iowa 854, 857, 20 N.W.2d 72, 74, and citations; Koehler v. Koehler, 248 Iowa 144, 151, 79 N.W.2d 791, 796 and Kiger v. Meehan, 253 Iowa 746, 750, 113 N.W.2d 743, 746."

■ In Rank v. Kuhn, supra, the court failed to make a specific finding of intent, and this court said: "It is frequently said that an action for alienation of affections is for an intentional tort (Heisler v. Heisler, 151 Iowa 503, 506, 131 N.W. 676) and will lie only where the spouse's affections are purposely or intentionally alienated. See 27 Am.Jur. 129, section 527; 42 C.J.S. Husband and Wife § 662, p. 317; 3 Restatement of the Law, Torts, section 683. If it were necessary, in order to support the judgment, to hold that a finding of such purpose or intent is fairly to be inferred from the court's findings 'of wrongful association and intimacies' and 'misconduct,' we believe we would be justified in so doing. But we think the findings as

made are sufficient." (loc. cit. 236 Iowa at page 856, 20 N.W.2d at page 74). Thus, under our Iowa law, no element of specific intent to harm need be pleaded or proved. The element of wrongful conduct, "wrongdoing", is sufficient.

We turn then to pronouncements by the Supreme Court of the United States and other appellate courts to determine whether the requirement of such "wrongful conduct" is sufficient to bring the judgment within the exception.

Analyzing a criminal conversation judgment in Tinker v. Colwell, 193 U.S. 473, 485, 24 S.Ct. 505, 508, 48 L.Ed. 754, 759–760, the United States Supreme Court said: "We think it is made clear by these references to a few of the many cases on this subject that the cause of action by the husband is based upon the idea that the act of the defendant is a violation of the marital rights of the husband in the person of his wife, to the exclusion of all others, and so the act of the defendant is an injury to the person and also to the property rights of the husband.

"We think such an act is also a wilful and malicious injury to the person or property of the husband, within the meaning of the exception in the statute.

"There may be cases where the act has been performed without any particular malice towards the husband, but we are of opinion that, within the meaning of the exception, it is not necessary that there should be this particular, and, so to speak, personal malevolence toward the husband, but that the act itself necessarily implies that degree of malice which is sufficient to bring the case within the exception stated in the statute. The act is wilful, of course, in the sense that it is intentional and voluntary, and we think that it is also malicious within the meaning of the statute.

"In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based

upon special malice, so that without it the action could not be maintained."

In Allard v. La Plain, 147 Wash. 497, 266 P. 688, supra, it was urged the Maine judgment, sought to be enforced in the state of Washington, did not require a finding of malice. The instructions offered in evidence required an intentional wrong: " '* * * And the law says it is wrong; *and this wrongful act will give by implication all the malice that is necessary in a case where the allegations in the writ are such as in this case.*' " (Emphasis by the Washington Court.) The Washington Supreme Court then said: "We have italicized the words particularly relied upon by counsel for appellant. We do not see in these words any exclusion of the element of malice, though they exclude the necessity of direct proof of malice in the sense of actual ill will or hatred toward respondent; but, manifestly, malice of that nature does not have to be shown in order to support recovery in alienation of affections suits. It is only necessary that alienation of affections be shown to be for some unjustifiable purpose, and this, it seems to us, is all those italicized words of the instructions mean, when read in the light of the paragraph in which they are used, and especially when read in the light of the other above quoted instructions. *The malice drawn in question in alienation of affections suits is not necessarily ill will towards the alleged injured party, but it is that wrongfulness constituting malice born of unjustifiable and unlawful interference by the one effecting the alienation of affections of a married person.* It seems clear to us that these instructions do not, in stating the Maine law, carry the thought that recovery in an alienation of affections suit in that state is determinable apart from such wrongful malicious action on the part of the accused.

"The general rule is, in substance, that, when alienation of affections is shown to be the result of advice or persuasion on the part of certain very near relatives, the maliciousness of the advice or persuasion is to

be affirmatively shown by the one claiming to be injured thereby, before recovery can be had therefor; *while as to strangers so causing alienation of affections, such maliciousness on their part is in law presumed, and the contrary is to be affirmatively shown by them before they can escape liability therefor.* Stanley v. Stanley, 27 Wash. 570, 68 P. 187; Baird v. Carle, 157 Wis. 565, 147 N.W. 834; Powell v. Benthall, 136 N.C. 145, 48 S.E. 598; Miller v. Miller, 154 Iowa 344, 134 N.W. 1058." (loc. cit. 266 P. at pages 693–694). (Emphasis added).

■ We are satisfied from our review of the pleadings and evidence in the original alienation of affections action the judgment was for a willful and malicious injury within the meaning of the quoted exception in section 35(a) (2), U.S.C.A. 11, Bankruptcy Act, at page 271. The judgment was therefore not discharged when defendant was adjudicated a voluntary bankrupt.

II. The foregoing holding disposes of defendant's argument that the judgment should be allocated since our decision is not based on the criminal conversation exception.

III. Defendant's appeal from the February 13, 1968 order finding him in contempt of court is dismissed sua sponte.

The appeal on this second order seems to have been attempted by all concerned without regard to statutory requirements, Rules of Civil Procedure or the rules of this court.

■ Contempt orders are not reviewable by appeal but by certiorari. Section 665.-11, Code of Iowa, 1966. We have disregarded the distinction in the interest of justice, holding that in proper cases an appeal would be treated as an application for writ of certiorari. Bixby v. Bixby, 253 Iowa 1172, 1174, 115 N.W.2d 852; Harkins v. Harkins, 256 Iowa 207, 210, 127 N.W.2d

87; Cf. Penland v. Penland, 255 Iowa 308, 122 N.W.2d 333; rules 306, 307, and 352, R.C.P.

■ However, where the order to be reviewed is interlocutory in nature, not complete and further action is withheld by the trial court pending our opinion, the matter need not be reviewed by this court without prior permission to file the review papers. Rule 352, R.C.P. provides "an application to grant an appeal may be treated as a petition for certiorari." But we do not have such an application before us. We have only an attempt to appeal an interlocutory order as a matter of right.

■ The trial court found defendant in contempt but reserved imposition of punishment until after this court had passed on the propriety of the finding. If we were to affirm the January 12, 1968 order, the trial court presumably will fix the punishment. At such time defendant could then seek review in certiorari of that order. Recent cases where this court has changed punishment on review of a contempt finding are: Brown v. District Court etc., Iowa, 158 N.W.2d 744, 750 and Newby v. District Court etc., 259 Iowa 1330, 147 N.W.2d 886. Such piecemeal review is not allowable except for good cause upon prior application to and order of this court. To hold otherwise would be to abrogate to the consent of the parties a large part of the jurisdictional determination provided in rules 331(b), 332(a), R.C.P.

■ For the reasons mentioned we specifically withhold judgment on the propriety of the contempt order until properly presented to us.

Affirmed as to order dated January 12, 1968. Appeal dismissed as to order dated February 13, 1968.

All Justices concur except RAWLINGS, J., who takes no part.