MARIA MULOCK *v.* JAMES A. BYRNES, Respondent, FANNIE J. BYRNES, as Assignee, etc., Appellant.

A judgment recovered on an indebtedness incurred by defendant because of his failure to pay over rents collected by him as agent is barred by his discharge in bankruptcy. The cause of action in such a case is not a debt created by defendant "while acting in a fiduciary capacity" within the meaning of the provision of the Bankrupt Act, declaring that such a debt shall not be discharged by bankruptcy proceedings. (U. S. R. S. § 5117.)

*It seems* said provision does not apply to cases of implied, but only to those technical trusts which are actually and expressly constituted by the parties.

(Argued October 9, 1891; decided December 1, 1891.)

APPEAL by Fannie J. Byrnes, as assignee of the judgment rendered in this action, from order of the General Term of the Supreme Court in the first judicial department, made January 16, 1891, which affirmed an order of the Special Term granting a perpetual stay of proceedings.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*A. C. Fransioli* for appellant. The alleged discharge in bankruptcy granted to the respondent does not bar the appellant's claim. (U. S. R. S. § 5117; Blumenstiel on Bankruptcy, 540, 541; *Argall* v. *Jacobs,* 87 N. Y. 110; *Clark* v. *Bowling,* 3 id. 216; *Monroe* v. *Upton,* 50 id. 593; *Talcot* v.

*Harris,* 93 id. 567; *McDonald* v. *Davis,* 105 id. 508; *Faguan* v. *Knox,* 8 J. & S. 41.) The question as to the character of the original debt should not be tried in this summary proceeding upon affidavits. (*Monroe* v. *Upton,* 50 N. Y. 593; *Schuman* v. *Stross,* 52 id. 404; Blumenstiel on Bankruptcy, 553.)

*Sam'l J. Crooks* for respondent. The order was justified from the facts and warranted by the practice in like cases. (*Monroe* v. *Upton,* 50 N. Y. 593.) The fact that the whole or a part of the consideration for the note was moneys collected by the bankrupt for Fannie J. Byrnes, as her agent, does not present a case of a debt created by fraud, or while acting in a fiduciary character, within the meaning of the section exempting such a debt from the operation of the discharge. (*Lawrence* v. *Harrington,* 15 N. Y. S. R. 867; *Hennequin* v. *Clews,* 77 N. Y. 427.) The appellant, as assignee of the judgment, cannot attack the regularity of the proceedings leading to the discharge to which her assignor was a party, collaterally, nor can she assert any element existing in the judgment debt, not asserted prior to and shown by the judgment, to impeach the operation of the discharge. As to the character of the debt the judgment is conclusive, and the previous cause of action, whatever it was, became merged in the judgment. (20 Abb. [N. C.] 218–220.) Delay in the prosecution of the proceedings leading to the discharge could not be imputed to prevent its operation or use. (*Palmer* v. *Hussey,* 87 N. Y. 303; *McDonald* v. *Davis,* 105 id. 508.)

RUGER, Ch. J. The defendant, upon showing a discharge from his debts made August 25, 1890, in proceedings in bankruptcy commenced in 1878, moved for a perpetual stay of proceedings against Fannie J. Byrnes, as assignee, from collecting a judgment rendered against him on August 8, 1877, in the Supreme Court of this state in favor of Maria Mulock. The judgment purported to have been rendered in an action commenced in September, 1873, upon a promissory note for $2,500, executed by the defendant June 1, 1870, and payable to the order of Fannie J. Byrnes one year after date,

with interest. This note, soon after its delivery, was transferred to Mrs. Mulock, and she recovered judgment. In March, 1879, Mrs. Mulock assigned the judgment to Fannie J. Byrnes, and she, as assignee thereof, opposed the motion upon proof that the note upon which such judgment was rendered was given to her by the defendant upon an indebtedness alleged to have been incurred by the defendant while acting in a fiduciary character, as an agent in the collection of rents, prior to June, 1870.

The opposition to the motion was based upon section 5117 of the Revised Statutes of the United States, providing that: "No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy; but the debt may be proved and the dividend thereon shall be a payment on account of such debt."

The first question that presents itself on this state of facts is whether the creditor has shown the case of a debt incurred by the defendant while acting in a fiduciary character, within the meaning of the Bankrupt Law. The creditor here has attempted to show that the relation of principal and agent existed between her and her husband, and that he collected her rents as her agent, and she argues from that fact that he was acting in a fiduciary character in transacting such business.

It has been frequently held in cases of controlling authority that the language of the Bankrupt Law does not apply to cases of implied trusts; but only to those technical trusts which are actually and expressly constituted by the parties. (*Chapman* v. *Forsyth*, 2 How. [U. S.] 202; *Neal* v. *Clark*, 95 U. S. 709; *Cronan* v. *Cotting*, 104 Mass. 245; *Hennequin* v. *Clews*, 77 N. Y. 427; *Palmer* v. *Hussey*, 87 id. 303.)

It was held in the *Chapman* case, under the Bankrupt Law of 1841, that a factor who receives the goods of another to sell and remit proceeds, was not acting in a fiduciary character, within the meaning of that act. Justice McLEAN, delivering the opinion of the court, saying: "The cases enumerated, 'the defalcation of a public officer,' 'executor,' 'administrator,'

'guardian,' 'trustee,' are not cases of implied but special trusts, and the 'other fiduciary capacity' mentioned must mean the same class of trusts. The act speaks of technical trusts and not those which the law implies from the contract."

In *Neal* v. *Clark*, the court adopted the same construction and applied it to the act of 1867.

It was held in *Hennequin* v. *Clews* (77 N. Y. 427), that the Bankrupt Law of 1867, although differing somewhat in language from that of 1841, was not changed in meaning and was subject to the same construction, and the definition given to the words "fiduciary character" in that act by the *Chapman* case were adopted and applied in construing the similar provision in the act of 1867. Judge CHURCH, in writing the opinion in that case, adopts the language of Justice McLEAN and says the same view has been taken in the cases of *Cronan* v. *Cotting* (104 Mass. 245), *Grover* v. *Clinton* (8 Natl. Bk. Reg. 312), *Owsley* v. *Cobin* (15 id. 489), *In re Smith* (8 id. 401.)

Judge FINCH said in *Palmer* v. *Hussey* (87 N. Y. 307), that: "It is settled in this court, in supposed accordance with the doctrine of the federal courts, that the 'fiduciary capacity' intended by the Bankrupt Act, relates to technical trusts, not merely such as the law implies from the contract, but actual and expressly constituted," citing *Hennequin* v. *Clews ;* and further, that the evidence and the affidavits in the case under consideration "show no other or different trust or fiduciary relation than such as may be said always to exist in a case of agency. In every such case there is an element of trust and confidence, so that a breach of duty may be said to be a breach of trust, but the agent is, nevertheless, not a fiduciary within the meaning of the Bankrupt Act."

There are other questions involved in the case, which we think are fatal to the appeal, but the point considered is so clearly settled by authority that it is unnecessary to spend time in further discussion.

The order should be affirmed, with costs.

All concur.

Order affirmed.