## In re PARTNOW.

### No. 32730.

District Court, E. D. New York.

June 15, 1937.

Love & Horwitz, of New York City (Nathaniel Rothstein, of New York City, of counsel), for petitioner Employers' Liability Assurance Corp., Limited.

Bernard D. Levy, of New York City (J. Joseph Mehlberg, of New York City, of counsel), for bankrupt.

BYERS, District Judge.

Motion for an order vacating the usual stay in a bankruptcy proceeding.

The bankrupt procured from a Judge of this court a stay directed against the Employers' Liability Assurance Corp., Ltd., and all other creditors until twelve months after the date of adjudication or discharge.

The affidavit in that behalf recited the recovery on March 31, 1937, of a judgment in an action in the Municipal Court of the City of New York against the bankrupt and in favor of the Employers' company in the sum of $150.42, and "* * * That the said debt was not incurred through fraud, embezzlement or in a fiduciary capacity * * * and deponent is advised that the same is dischargeable. That the said judgment is predicated upon a bond which was executed by deponent, as principal, and by the said Employers' Liability Assurance Corp. Ltd., as surety."

The affidavit continues that supplementary proceedings were instituted and were pending at the time that the petition was filed, which was May 27, 1937.

It now appears from the motion papers that the judgment in question was based upon a misappropriation of $113.34 by the bankrupt while he was in the employ of the John Hancock Mutual Life Insurance Company and that his position was that of a fiduciary according to the provisions of the New York State Insurance Law (Consol. Laws, N.Y. c. 28) as well as of his contract of employment. It is alleged that the bankrupt admitted the conversion of his employer's funds.

The Surety was called upon to make good the defalcation and became subrogated to the rights and remedies of the employer as against the bankrupt, and the said action was thereupon instituted and judgment recovered by default. That complaint recites:

"Action to recover damages for the wrongful taking, detention and conversion

by the defendant of personal property of John Hancock Mutual Life Insurance Company, his employer, which entrusted the same to defendant in a fiduciary capacity, to wit, as agent and collector. Plaintiff, surety on defendant's fidelity bond, has indemnified said employer, its assured, and has thereby become subrogated to all of the rights and remedies of the said employer against the defendant."

When the bankrupt made default, it appears that testimony was taken on behalf of the plaintiff and a judgment granted to it, which provided for arresting the defendant in that action if execution against his property should be returned unsatisfied; such an execution was duly issued, and apparently it was to avoid that process that the bankruptcy proceeding was instituted.

The question of the dischargeability of the judgment debt will have to be determined in a State court, although it is fairly a subject for consideration in the disposition of this motion, which is addressed to the discretion of this court.

Stated plainly, the bankrupt has stolen the money of his employer and seeks to be protected from the civil liability thereby created, through the convenience of a discharge in bankruptcy. A phrase used by the Circuit Court of Appeals in Matter of Lipman, 78 F.(2d) 872, 873, 29 A.B.R. (N.S.) 495, in a case under section 74 (11 U.S.C.A. § 202), seems to apply:

"Here the District Court wisely exercised its discretion by refusing to make the court of bankruptcy a refuge for a judgment debtor who cannot, at the end of the bankruptcy proceedings, obtain a discharge of the debt evidenced by the judgment."

It is true that the proceedings under section 74 (11 U.S.C.A. § 202) are not intended to result in a discharge if an extension or composition is reached, and the case therefore may not be a direct authority for the position here taken, but the quotation states the views presently held.

There seems to be no excuse for misunderstanding the position occupied by one found to have been guilty of conversion with respect to his obtaining a discharge in bankruptcy, in the light of the language of the Supreme Court in the case of McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205. That case will probably be consulted by the State court when it passes upon the question of the

dischargeability of the judgment in question, in spite of the holdings in Mulock v. Byrnes, 129 N.Y. 23, 29 N.E. 244, and Boyd v. Agricultural, etc., Co., 20 Colo.App. 28, 76 P. 986. Davis v. Ætna, etc., Co., 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393, does not purport to overrule McIntyre v. Kavanaugh, supra, and seems to have been decided largely upon the form of the documents therein employed.

The case of Fulton v. Hammond (C.C.) 11 F. 291, indicates that the views here entertained are not without support. See, also, authorities cited in Re Gumbinsky (D.C.) 8 F.Supp. 601.

That the bankrupt was in a fiduciary relation to his employer is not denied, according to the terms of his contract and section 38 of the Insurance Law of the State of New York, which since 1892 has read:

"§ 38. *Fiduciary capacity of agents.*

"Every person appointed or acting in this state as agent of any insurance corporation who receives or collects any money as such agent, shall be responsible in a trust or fiduciary capacity to such corporation therefor."

The chances are that, if the bankrupt had made a full and candid disclosure of the nature of the judgment, in his application for a stay, the latter would not have issued.

Under all the circumstances now disclosed, the motion will be granted. Settle order.