### In re ZITZMANN.
### No. 41747.

District Court, E. D. New York.
July 24, 1942.

Fred J. Mancuso, of Long Island City, N. Y., for bankrupt.

Weit & Goldman, of New York City, for Prudential Ins. Co. of America.

GALSTON, District Judge.

From the order granting a discharge to the bankrupt, the debt of the Prudential Life Insurance Company was excepted on the ground that its debt was not dischargeable in bankruptcy.

The referee found that the bankrupt was an agent of the Prudential Life Insurance Company and had embezzled or stolen from the company $603.52; that he thereafter admitted the theft and delivered a note for the amount and subsequently paid the creditor $50 on account of the defalcation; that the insurance company then sued the bankrupt for $553.52 in conversion, procured judgment thereon and filed a claim therefor in this proceeding asserting that its claim was not dischargeable, and then moved to have the debt excepted from any discharge if any such should be granted. The referee also found that the bankrupt failed to set forth in his schedules the true nature of this obligation, but it was therein listed as a balance due on a promissory note, thus making it appear that the debt was a dischargeable debt.

The matter came before the referee on the motion of the creditor setting forth specifications of objections to discharge and attaching thereto the judgment roll on the creditor's judgment obtained by default in

the Municipal Court of the City of New York, Borough of Manhattan, First District, entered on April 20, 1942. The bankrupt having filed a voluntary petition in bankruptcy on October 6, 1941, apparently made no effort to stay the municipal court action, the summons and complaint in which cause had been served on the bankrupt on April 9, 1942. This is significant, for if the debt, as the bankrupt now claims, was dischargeable, there is no reason assigned why he did not follow the usual practice of obtaining a stay of such action. Moreover, in his schedules in bankruptcy he sets forth that his obligation to the Prudential Insurance Company was in the sum of $610, described as an obligation for "money loaned".

A reading of the complaint in the municipal court action, to which he filed no answer and made no appearance, indicates the falsity of the characterization in his schedules of bankruptcy.

▮ It is true that following a discharge in bankruptcy the nondischargeability of a particular debt may be determined by a state court; but the bankruptcy court in any event is not barred from passing upon the dischargeability of a debt —certainly not in the manner in which the question arose in this proceeding. The findings of fact of the referee, in which he holds that the debt arose out of theft or embezzlement, are sustained by the record. Such a debt is not dischargeable in bankruptcy and this court has power so to state. See, generally, In re Summer, 2 Cir., 107 F.2d 396, 397, wherein it is said: "Indeed, it appears to be necessary for the creditor to obtain such an exception if his claim is to be preserved against the bar of the discharge." Hisey v. Lewis-Gale Hospital, Inc., D.C., 27 F.Supp. 20. In Re Partnow, D.C., 19 F.Supp. 690, the question was one of vacating an ex parte stay of a municipal court proceeding involving an alleged misappropriation by an employee of a life insurance company. The sole question there presented was whether an ex parte stay, obtained by the bankrupt on the filing of the petition in bankruptcy, should be vacated, and the motion was granted. In Re Devereaux, 2 Cir., 76 F.2d 522, 523, it was said: "After Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 698, 78 L.Ed. 1230, 93 A.L.R. 195, it can no longer be denied that the bankruptcy court has jurisdiction, as upon an ancillary bill in equity to determine whether the bankrupt's discharge is a bar to a provable debt."

That is exactly the question that was determined by the referee here. The order sought to be reviewed does not seek in any way to disturb the state court judgment.

The order of the referee will be affirmed. Settle order on notice.