Beghe, J., concurring: I write separately to address concerns expressed by Judge Vasquez and other concerns, and to attempt to provide explanations of matters left to implication by the majority opinion. On the initial question of the Court’s jurisdiction to address the bankruptcy discharge issue, I would flesh out the majority opinion’s conclusion that the Tax Court has jurisdiction to address the issue under its statutory mandate, to observe that the Bankruptcy Act, 28 U.S.C. section 1334(a) and (b) (2000), does not deprive the Tax Court of jurisdiction.[1] Although subsection (a) provides that “the district courts shall have original and exclusive jurisdiction of all cases under title 11”, the case at hand appears to be a situation described in subsection (b) “arising under title 11, or arising in or related to cases under title 11” in which the District Courts have original but not exclusive jurisdiction. The corollary proposition is that the case at hand is one in which other courts, including the Tax Court, have concurrent jurisdiction with the District Courts to decide various bankruptcy discharge issues.[2] The second paragraph of Judge Vasquez’s concurring opinion indicates some uncertainty about what aspect of respondent’s determination with respect to 1994 and 1995 we are reviewing. The Court is reviewing (1) respondent’s ultimate determination that “The determination * * * to file the lien is sustained” and (2) the determination in support of that ultimate determination that the Bankruptcy Court did not discharge petitioners from their unpaid tax liabilities for the taxable years 1994 and 1995. Judge Vasquez states in his third paragraph that a challenge to the appropriateness of collection action under section 6330(c)(2)(A)(ii) appears to him to be more about the type and/or method of collection chosen by the IRS rather than being about whether petitioners’ taxes were discharged in bankruptcy. In my view, a question about the appropriateness of the collection action includes whether it is proper for the IRS to proceed with the collection action as determined in the notice of determination. I would conclude, and the parties agree, that if the Bankruptcy Court discharged petitioners from their unpaid tax liabilities for 1994 and 1995, any collection action for those years would be inappropriate, and therefore respondent could not proceed. In any event, a challenge to the appropriateness of collection action under section 6330(c)(2)(A)(ii) is illustrative of the type of “any relevant issue relating to the unpaid tax” ^the taxpayer may raise under section 6330(c)(2)(A). Judge Vasquez goes on to state in his fourth paragraph that “Whether petitioners’ taxes have been discharged in bankruptcy appears to be a challenge to the existence or amount of their underlying tax liability under section 6330(c)(2)(B).” Preliminarily, I note that whether there is an issue under section 6330(c)(2)(B) is not crucial to resolving (1) whether we have jurisdiction to decide whether petitioners were discharged from their unpaid tax liabilities for 1994 and 1995 and (2) if we do have such jurisdiction, whether they were so discharged. Whether there is an issue under section 6330(c)(2)(B) is relevant only for the purpose of determining whether we are deciding this case under a de novo standard of review or an abuse-of-discretion standard of review. This leads to Judge Vasquez’s comments regarding the standard of review. Judge Vasquez indicates that, assuming we have jurisdiction, it is unclear what standard of review to apply in resolving the bankruptcy discharge issue. Although, the majority opinion does not explicitly state what that standard is, the opinion clearly and properly applies a de novo standard and holds that the Bankruptcy Court did not discharge petitioners from their unpaid tax liabilities for 1994 and 1995. A fortiori, respondent did not abuse respondent’s discretion in determining to sustain the lien with respect to 1994 and 1995 on the ground that the Bankruptcy Court did not discharge petitioners from those liabilities. Regardless of the standard of review, petitioners have not satisfied that standard. In other words, resolution of the bankruptcy discharge issue does not depend on the standard of review. I therefore see no harm in the majority opinion’s not explicitly stating the standard of review. I now return to Judge Vasquez’s statement that “Whether petitioners’ taxes have been discharged in bankruptcy appears to be a challenge to the existence or amount of their underlying tax liability under section 6330(c)(2)(B).” While that is not an unreasonable position, I believe the better view is that the bankruptcy discharge issue in the case at hand does not relate to the existence or amount of the underlying tax liability. That is because the so-called discharge in bankruptcy does not discharge a tax debt; it discharges the individual debtor from the tax debt. As pertinent here, 11 U.S.C. section 523(a)(1)(B) provides that a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of title 11 does not “discharge an individual debtor from any debt” for a tax with respect to which a return was filed late and within the 2-year period immediately preceding the date of the filing of the bankruptcy petition. In my view, a discharge in bankruptcy of a tax debt does not vitiate the existence or the amount of that debt. Rather, the discharge discharges the individual debtor from paying the tax debt that exists. The question might be asked, if the Bankruptcy Court should have expressly determined that a taxpayer was discharged from a tax debt, whether we would be at liberty to reach a different result, and vice versa. Judge Vasquez answered that question for the Court in Katz v. Commissioner, 115 T.C. 329, 340 (2000). In Katz, the Court held that, because the Bankruptcy Court had considered and rejected the taxpayer’s claim that he was discharged from a tax liability for the year in question, we would not address that question. That was the correct result under the rule of res judi-cata or claim preclusion. Similarly, if the Tax Court were to hold that a taxpayer was or was not discharged from a particular tax debt, the Bankruptcy Court would be bound by our holding. See Erspan v. Badgett, 647 F.2d 550, 556 (5th Cir. 1981). In this connection, rule 4007(a) of the Federal Rules of Bankruptcy Procedure provides that either a debtor or a creditor may file a complaint in the Bankruptcy Court to obtain a determination whether a debtor was discharged from a particular debt. However, the Bankruptcy Court’s jurisdiction to resolve the dischargeability issue involving most debts, including tax debts, is not exclusive[3] but is concurrent with that of other courts.[4] There may be concern whether, as a matter of comity and discretion, we should refrain from deciding the discharge issue and instead remit petitioners to the Bankruptcy Court, which has expertise and authority to construe and apply its own order of discharge. Of course, this Court has decided myriad cases in which, in order to resolve the tax issues, we decided issues of law, both Federal and State, outside our primary expertise. We have not hesitated to do so before, and we properly do so in the case at hand. It should be noted that if we declined to resolve the bankruptcy dischargeability issue, we could not force petitioners to return to the Bankruptcy Court to have that court resolve that question. What would we do if petitioners should refuse to go to the Bankruptcy Court and insist that we decide the bankruptcy dischargeability issue? We would have an obligation and a responsibility to enter a decision sustaining or rejecting in whole or in part the collection action set forth in the notice of determination. We would not be fulfilling that obligation and that responsibility if we were to request the taxpayer to ask the Bankruptcy Court to resolve a question over which we have concurrent jurisdiction. Our request to that effect would be inconsistent with the goals of judicial and party economy embodied in the slogan “one-stop shopping”. If we have jurisdiction to resolve the bankruptcy dischargeability issue, we should not ask the taxpayer who raises that issue at an Appeals Office hearing and in this Court to go to another court to resolve that issue and then return to this Court so we can decide, at the end of what will by then have become a very long figurative day, whether respondent may proceed with the collection action as determined in the notice of determination. Even if the taxpayer were willing to go back to the Bankruptcy Court, it would be a waste of time and money to try to force or allow them to do so. The money would consist not only of additional legal fees but also of additional interest accruing while the liability remains unpaid. And if the taxpayers are willing, for purposes of delay, to take these extra steps and to incur the additional costs, the IRS should not be impeded further in the collection of tax debts that are due and owing if they have not been discharged in bankruptcy. Having decided we have jurisdiction, there is only one question we must address in the lien proceeding at hand in order to decide whether to sustain or reject in whole or in part the collection action in respondent’s notice of determination. That one question is whether petitioners were discharged under 11 U.S.C. section 523(a)(l)(B)(ii) from their unpaid tax liabilities for the taxable years 1994 and 1995. This Court, not the Bankruptcy Court, should resolve that question in the lien proceeding at hand, and the Court has properly done so. A final note: The bankruptcy discharge issue in the case at hand is a slam dunk for respondent. Petitioners’ argument on the merits of this issue borders on being frivolous. The majority opinion properly shows no hesitation in deciding the issue. Nothing the Court does today will prevent us from revisiting, in subsequent collection cases in which other bankruptcy discharge issues are raised, whether, as a matter of comity and discretion, we should defer to the Bankruptcy Court’s expertise and authority to construe and apply its own order of discharge. Gerber, J., agrees with this concurring opinion. Twenty-eight U.S.C. sec. 1334(a) and (b) (2000) provides as follows: (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11. (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. See text infra at notes 3 and 4 and authorities cited for the proposition that other courts have concurrent jurisdiction with the District Courts sitting in bankruptcy (and bankruptcy courts under 28 U.S.C. sec. 157(a) (2000)) over all but certain specified bankruptcy discharge issues. Bankruptcy Courts have exclusive jurisdiction only with respect to debts enumerated in 11 'U.S.C. sec. 523(a)(2), (4), (6), and (15). See 11 U.S.C. sec. 523(c). See, e.g., In re Zitzman, 46 F. Supp. 314, 315 (E.D.N.Y. 1942); In re Crawford, 183 Bankr. 103, 105 (Bankr. W.D. Va. 1995); In re Galbreath, 83 Bankr. 549, 551 (Bankr. S.D. Ill. 1988); Fed. R. Bankr. P. 4007 Advisory Committee’s Note (1983) (“Jurisdiction over this issue on these debts is held concurrently by the Bankruptcy Court and any appropriate nonbankruptcy forum.”); 4 Collier on Bankruptcy, par. 523.03, at 523-17 (15th ed. rev. 1996). Jurisdiction to determine bankruptcy dischargeability issues may be exercised by the Bankruptcy Court as well as other courts with respect to all debts enumerated in 11 U.S.C. sec. 523(a), including 11 U.S.C. sec. 523(a)(1) relating to tax debts, except 11 U.S.C. sec. 523(a)(2), (4), (6), and (15).